■ SAMIR S. MEZAIL, Respondent, v RYDER TRUCK RENTAL, INC., Appellant. [660 NYS2d 234] —Crew III, J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered May 23, 1996, which affirmed an order of the Justice Court of the Town of Brunswick denying defendant's motion to vacate a default judgment entered against it.

On August 20, 1994, plaintiff's automobile sustained significant damage when it was struck while parked on a street in the City of Troy, Rensselaer County. The truck that collided with plaintiff's vehicle had been leased by defendant to Anthony Roberson nine days earlier and, at the time of the accident, apparently had not been returned to defendant in accordance with the terms of the lease agreement. Although

plaintiff reported the accident to defendant's claims office, he subsequently was advised that defendant would not pay for the damage to his vehicle because the truck was considered to be stolen.

Plaintiff thereafter filed a small claims action against defendant in Justice Court seeking damages in the amount of $3,000. When defendant failed to appear, Justice Court entered a default judgment in plaintiff's favor. Defendant's subsequent motion to vacate the default judgment was denied by Justice Court and, upon appeal to County Court, the default judgment was affirmed. This appeal by defendant ensued.

As a threshold matter, we reject the contention that Justice Court lacked personal jurisdiction over defendant. Turning to the merits, it is well settled that in order to vacate a default, the moving party must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see, e.g.*, *Ayres v Power*, 238 AD2d 753, 753-754; *People v Scudds*, 195 AD2d 778, 779). As to the "reasonable excuse" prong of the test, defendant submitted the affidavit of a local rental manager, who averred that "the [c]omplaint was served on one of [defendant's] dealers in this area, who did not know what to do with it, it was lost and it was not forwarded to [defendant's] claims office in Florida * * * in time to respond". This conclusory assertion, made by an individual who neither accepted the small claims papers filed by plaintiff nor worked in the office where such papers were sent, was insufficient to demonstrate a reasonable excuse for defendant's default and, as such, the motion to vacate was properly denied. In light of this conclusion, we need not consider whether defendant's motion papers established the existence of a meritorious defense.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.