■ DAVID E. HANNIE et al., Respondents, v MARVIN SMITH, Appellant. [668 NYS2d 247] —Per Curiam. Appeal from an order of the Supreme Court (Ellison, J.), entered May 15, 1997 in Schuyler County, which denied defendant's motion to vacate a default judgment entered against him.

Plaintiffs are the owners of certain real property that apparently is located in Schuyler County. In October 1996, plaintiffs commenced this action against defendant, who has been occupying the premises for a number of years, seeking, *inter alia*, to evict defendant from the property and to quiet title thereto. Following defendant's failure to appear or answer, plaintiffs moved for a default judgment. Supreme Court granted plaintiffs' motion declaring, *inter alia*, that plaintiffs were the sole and lawful fee owners of the property. Defendant's subsequent motion to vacate the default judgment proved unsuccessful, and this appeal by defendant ensued.

We affirm. It is well established that in order to vacate a default judgment, the moving party must demonstrate both a reasonable excuse for the delay and a meritorious defense (*Mezail v Ryder Truck Rental*, 241 AD2d 902, 903). A motion of this nature is directed to the sound discretion of the trial court and, absent an abuse of that discretion, the court's decision will not be disturbed (*see, Stow Mfg. Co. v F & K Supply*, 232 AD2d 958, 959; *Scielzi v Gold*, 213 AD2d 872, 873).

Based upon our review of the record as a whole, we cannot say that Supreme Court abused its discretion in denying defendant's motion. As to the "reasonable excuse" prong of the test, counsel for defendant merely averred that this action was "confused" with a prior eviction proceeding due to an "inadvertent clerical error", the specifics of which are not articulated. Similarly, defendant averred only that he failed to appreciate that a new action had been commenced. In our view, such vague assertions are insufficient to establish a justifiable excuse for the delay.

Equally unpersuasive is defendant's contention that he established the existence of a meritorious defense. In opposition to plaintiff's motion defendant, although acknowledging that he had no deed to or abstract of title for the property, asserted that he was "an equitable owner of the subject premises having purchased same pursuant to an unrecorded land contract" between himself and plaintiffs' predecessor in title. This conclusory assertion, however, does not find evidentiary support in the record. Accordingly, Supreme Court properly denied defendant's motion to vacate the default judgment.

Cardona, P. J., Mercure, Crew III, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.