■ In the Matter of SHAUNE TT. and Another, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TERRI SS., Appellant. [674 NYS2d 457] —Crew III, J. Appeals from two orders of the Family Court of Tompkins County (Barrett, J.), entered January 13, 1997 and March 5, 1997, which, in a proceeding pursuant to Social Services Law § 384-b, denied respondent's motion to vacate an order adjudicating, by default, respondent's children to be permanently neglected, and terminating respondent's parental rights.

Respondent is the biological mother of two minor children born in 1988 and 1994. In June 1995, the children were adjudicated to be neglected children and placed in petitioner's care and custody, and a service plan was devised for respondent requiring her to, *inter alia*, participate in a drug treatment program. Respondent failed to comply with petitioner's service plan, prompting petitioner to commence the instant proceeding in August 1996 seeking to, *inter alia*, terminate respondent's parental rights. Respondent thereafter failed to attend both the fact-finding and dispositional hearings scheduled for this matter and, upon her default, Family Court adjudicated respondent's children to be permanently neglected children and terminated respondent's parental rights. Respondent's subsequent motion to vacate both the order of adjudication and the order terminating her parental rights was denied, and these appeals by respondent ensued.

We affirm. As the moving party, respondent was required to demonstrate both a reasonable excuse for her failure to appear at the fact-finding and dispositional hearings and a meritorious defense to the underlying petition (*see, Hannie v Smith*, 246 AD2d 803; *Matter of Raymond Anthony A.*, 192 AD2d 529, 530, *lv dismissed* 82 NY2d 706). This she failed to do.

With respect to respondent's application to vacate the order of adjudication, respondent merely asserted, without elaboration, that she had not been served with the permanent neglect petition and that she had a meritorious defense. The process server's affidavit, which indicated that respondent had been personally served with the underlying petition and contained the requisite factual and descriptive information required by CPLR 306 (a) and (b) (*compare, De Zego v Donald F. Bruhn, M.D., P. C.*, 67 NY2d 875, 877), constituted prima facie evidence of proper service (*see,* CPLR 4520). In this regard, respondent failed to specifically refute the veracity or content of the affidavit of service (*see, Sando Realty Corp. v Aris*, 209 AD2d 682; *American Sav. & Loan Assn. v Twin Eagles Bruce*,

208 AD2d 446, 447, *lv dismissed* 85 NY2d 1032; *Genway Corp. v Elgut*, 177 AD2d 467; *compare, Matter of St. Christopher-Ottilie [Devon M.]*, 169 AD2d 690, 691; *New York State Higher Educ. Servs. Corp. v Palmeri*, 167 AD2d 797, 798), and her conclusory denial of service was insufficient to raise an issue of fact necessitating a traverse hearing (*cf., Dean v Sarner*, 201 AD2d 770, 771; *Colon v Beekman Downtown Hosp.*, 111 AD2d 841, 841-842). As to her claim of a meritorious defense, neither respondent's affidavit nor the answer accompanying her application to vacate recites any facts or in any way controverts the allegations set forth in the petition (*see, Matter of Raymond Anthony A., supra*, at 530). Accordingly, Family Court properly denied respondent's motion to vacate the order of adjudication.

We reach a similar conclusion with respect to respondent's application to vacate the underlying dispositional order. The dispositional hearing in this matter was originally scheduled for November 4, 1996 at 1:15 P.M. and subsequently rescheduled for November 6, 1996 at 11:00 A.M. Although respondent concedes that she received notice of both hearing dates and was aware that the matter had been rescheduled, she attributes her absence to her failure to note that the time, as well as the date of the hearing, had changed. As the notice of hearing contained in the record plainly sets forth both the date and time of the rescheduled dispositional hearing, respondent's claimed confusion does not excuse her failure to appear (*cf., Simmons v Happel*, 213 AD2d 842, 842-843). Accordingly, having failed to articulate either a reasonable excuse or, as noted previously, a meritorious defense, respondent's application to vacate the dispositional order was properly denied. We have considered respondent's remaining contentions and find them to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.