■ Matthew T. Kranenburg, Respondent, v George Butwell, Appellant. [825 NYS2d 163]—

Cardona, P.J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered January 19, 2006 in Ulster County, which denied defendant's motion to vacate a default judgment entered against him.

Following an altercation, wherein plaintiff claims that he was assaulted by defendant, plaintiff commenced this personal injury action on April 17, 2004 by means of personal service of a copy of the summons and complaint upon defendant at his residence at 104 Locust Lane in the City of Newburgh, Orange County. After defendant failed to serve an answer or appear in the action, plaintiff moved for a default judgment. There being no opposition, Supreme Court granted the motion. Thereafter, a copy of the order granting the motion, together with notice of entry, was served by mail upon defendant at the Locust Lane address, as was a notification that an inquest to assess damages would be held on August 29, 2005. Defendant failed to appear at the inquest and, on September 12, 2005, Supreme Court granted a judgment for damages. A copy of that judgment was sent to defendant at the Locust Lane address and, thereafter, by order to show cause dated October 13, 2005, he moved to vacate the

default judgment. Supreme Court denied the motion resulting in this appeal.

"To be relieved of a judgment on the ground of excusable default (*see,* CPLR 5015 [a] [1]), a party 'must establish that there was a reasonable excuse for the default and a meritorious claim or defense' " (*Nulty v Wolff,* 291 AD2d 763, 764 [2002], quoting *Pekarek v Votaw,* 216 AD2d 829, 830 [1995]; *see Hann v Morrison,* 247 AD2d 706, 707 [1998]). Significantly, whether to vacate a default judgment is within the discretion of the trial court and such determination will not be disturbed unless it reflects an "improvident exercise of discretion" (*Lucas v United Helpers Cedars Nursing Home,* 239 AD2d 853, 853 [1997]). Here, defendant admitted "receiving some papers from an attorney, which [he] never read and were subsequently lost." He further stated that, while he resided at the Locust Lane address with his girlfriend, there was a three-month period in the fall of 2004 when he moved in with his mother, therefore, "if there was any mail mailed to [him] during that time, it *may* well be that [he] never saw it" (emphasis added). However, although he stated in his initial affidavit that he never "heard from anyone again other than the time he received the initial papers," he stated in a later affidavit that he recalled receiving some "documents sent to [his] house in late summer of 2005" that he did not understand and "was without funds to consult with an attorney."

Upon review of the record, we find no basis to disturb Supreme Court's determination to deny defendant's request to vacate the default judgment. Although the loss of legal documents may, in certain situations, constitute a reasonable excuse justifying the vacatur of a default judgment (*see e.g. Wilcox v U-Haul Co.,* 256 AD2d 973 [1998]; *Kasriels v Barnard Coll. of Columbia Univ.,* 256 AD2d 909, 910 [1998]; *Hann v Morrison, supra* at 707), such a conclusion is not supported by the circumstances herein (*see Mezail v Ryder Truck Rental,* 241 AD2d 902, 903 [1997]). By his own admission, defendant received, at the Locust Lane address, various submissions regarding this action, including documents that he indicated he did not understand. Notably, "[f]ailure to understand the need to defend or erroneous assumptions concerning the validity of an action do not constitute excusable neglect" (*Stoltz v Playquest Theater Co.,* 257 AD2d 758, 759 [1999]). Given the insufficiency of defendant's submission concerning a reasonable excuse for the default, it is not necessary to address whether defendant has a meritorious defense to the action (*see Mezail v Ryder Truck Rental, supra* at 903).

Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.