■ ALFRED WADE et al., Respondents, v VILLAGE OF WHITE-HALL et al., Defendants, and RICHARD MCGUIRE, Appellant. [849 NYS2d 316]—

Rose, J. Appeal from an order of the Supreme Court (Hall, Jr., J.), entered September 29, 2006 in Washington County, which denied the motion of defendant Richard McGuire to vacate a default judgment entered against him.

In 2001, plaintiffs commenced this action for damages alleging that defendants had wrongfully removed a party wall when they took down a dilapidated building adjacent to plaintiffs' building. Plaintiffs' claims are more specifically set forth in our prior decision, which affirmed the 2004 grant of summary judgment by Supreme Court (Krogmann, J.) dismissing the complaint due to plaintiffs' failure to establish any rights in the demolished wall of the adjacent building (*Wade v Village of Whitehall*, 17 AD3d 813 [2005], *lv denied* 5 NY3d 717 [2005]). When defendant Richard McGuire, the subcontractor hired to take down the adjacent building, defaulted in appearing, plaintiffs applied ex parte for a default judgment. Supreme Court (Moynihan, J.) granted an order directing the entry of a default judgment in 2002. The order also directed that the assessment of damages would be conducted during the trial of the action. In 2004, as described above, the complaint was dismissed as against the other defendants (*id.*). Apparently relying upon Supreme Court's 2002 order and McGuire's failure to demand notice of the assessment of damages pursuant to CPLR 3215 (g) (2), plaintiffs requested an inquest for the assessment of damages in 2006 without notice to him. Following the inquest, at which McGuire did not appear, Supreme Court (Krogmann, J.) found that plaintiffs were entitled to recover money damages in the amount of $44,711.43 for removal of the adjacent wall and

repair of a chimney attached to their own building. When plaintiffs began to enforce the judgment, McGuire first learned of it and moved to vacate the default. Supreme Court (Hall, Jr., J.) denied the motion and this appeal ensued.

To vacate a default judgment pursuant to CPLR 5015 (a) (1), the movant must demonstrate both a reasonable excuse for the default and a meritorious defense (*see e.g. Kranenburg v Butwell*, 34 AD3d 1005, 1006 [2006]). While McGuire clearly would have such a defense here because plaintiffs were found to have no interest in the adjacent wall, he offers no excuse for his initial default. He does, however, explain that his delay in seeking to vacate the default was due to his layperson's belief that the summary dismissal of the complaint in 2004 also meant dismissal as to him. Because Supreme Court's 2002 order directing the entry of a default judgment had been served upon McGuire in compliance with CPLR 3215 (d) and, as a result, he was aware that the assessment of damages would take place during trial, his belief that no trial meant no assessment of damages was entirely reasonable. Moreover, since the 2002 order provided only for the assessment of damages at the trial of the action, plaintiffs should have sought a new ex parte order directing an inquest in lieu of the trial. Such an order would have also directed that it be served on McGuire pursuant to CPLR 3215 (d).

Given these circumstances, McGuire's unexplained default does not preclude vacatur because Supreme Court has an "inherent power to vacate an order in the interest of justice" (*B.U.D. Sheetmetal v Massachusetts Bay Ins. Co.*, 248 AD2d 856, 856 [1998]; *see Cippitelli v Town of Niskayuna*, 277 AD2d 540, 540 [2000]; *Machnick Bldrs. v Grand Union Co.*, 52 AD2d 655, 655 [1976]). This power recognizes our strong preference for deciding cases on their merits (*see Mitchell v Mid-Hudson Med. Assoc.*, 213 AD2d 932, 932 [1995]) and may be exercised to relieve a party "from judgments taken through 'mistake, inadvertence, surprise or excusable neglect' " (*Ladd v Stevenson*, 112 NY 325, 332 [1889] [citation omitted]; *see Matter of McKenna v County of Nassau, Off. of County Attorney*, 61 NY2d 739, 742 [1984]).

Here, at the time of the inquest, the determinations that the neighboring wall was not a party wall and that none of plaintiffs' rights was violated by its removal had been fully litigated by plaintiffs and, thus, had become the law of the case (*see Bennett v Nardone*, 298 AD2d 790, 790-791 [2002], *lv dismissed* 99 NY2d 579 [2003]; *see generally People v Evans*, 94 NY2d 499, 502-504 [2000]). As a result, there was no merit

whatsoever to plaintiffs' assertions that the cost to weatherize their exposed wall and the diminution in the value of their building were damages causally related to removal of the adjacent wall, and Supreme Court's findings to the contrary were erroneous.

Further, Supreme Court's award for damage to plaintiffs' chimney went beyond the allegations of the complaint, which only sought damages due to removal of the neighboring wall. As the record gives no indication that McGuire was ever served with an amended complaint, and amendment would not have been permissible at the inquest (*see P & K Marble v Pearce*, 168 AD2d 439, 440 [1990]), the judgment improperly awarded damages on a new claim of which he had no notice (*see* CPLR 3215 [b]; *R.D. Smithtown, L.L.C. v Lucille Roberts Figure Salons*, 277 AD2d 439, 440 [2000]; *Murray v Rudolf Bass, Inc.*, 226 AD2d 1068, 1068 [1996], *lv dismissed and denied* 89 NY2d 845 [1996]). In light of this record and despite the passage of more than four years between entry of the default judgment and McGuire's motion to vacate, we conclude that Supreme Court abused its discretion by failing to grant the motion.

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, motion granted, and default judgment vacated.