■ CAPITAL COMPOST & WASTE REDUCTION SERVICES, LLC, Respondent, v BRIAN MACDONALD, Doing Business as MAC-DONALD SANITATION, Appellant. [900 NYS2d 790]—

Mercure, J.P. Appeal from an order of the Supreme Court (Platkin, J.), entered February 19, 2009 in Albany County, which denied defendant's motion to vacate a default judgment entered against him.

In 2004, plaintiff commenced this action to recover unpaid charges for waste disposal services provided to defendant. Following joinder of issue, Supreme Court (Malone, Jr., J.) granted partial summary judgment on liability to plaintiff, with the issue of damages to be determined at trial. On the eve of trial, defendant filed for bankruptcy, staying prosecution of the action until January 2007, when the bankruptcy proceeding was dismissed. Supreme Court (Doyle, J.) then restored this action to the trial calendar and scheduled a pretrial conference.

On March 9, 2007, three days prior to the scheduled conference, defendant informed his counsel that he would be unable to attend and, despite releasing counsel as his attorney of record, requested that counsel seek an adjournment of the conference. Defendant did not, however, provide Supreme Court with his contact information or inquire at any point thereafter regarding the status of the case. The request for adjournment was denied, and Supreme Court's order setting the matter down for trial on May 30, 2007 was both mailed to and served upon

defendant, albeit at an incorrect address.* Supreme Court (McNamara, J.) then scheduled a pretrial conference, and directed plaintiff to inform defendant of the impending conference, but repeated telephone calls and messages left for defendant went unreturned. When defendant failed to appear at trial, the court entered a default judgment. Supreme Court (Platkin, J.) denied defendant's subsequent motion to vacate the default judgment. Defendant appeals from the order denying vacatur, and we now affirm.

It is well settled that "[w]hile there is a preference that disputes be resolved on their merits, a party seeking to vacate a default judgment must demonstrate a reasonable excuse for default and a meritorious defense" (*Fishman v Beach*, 246 AD2d 779, 780 [1998] [citation omitted]; *see Wade v Village of Whitehall*, 46 AD3d 1302, 1303 [2007]; *Kranenburg v Butwell*, 34 AD3d 1005, 1006 [2006]). The determination of whether to vacate a default judgment is within the discretion of the trial court (*see Kranenburg v Butwell*, 34 AD3d at 1006). Here, defendant's conclusory denial that he was ever notified of the trial is insufficient to demonstrate a reasonable excuse for default, particularly in light of the affidavits from local postal officials indicating that defendant is known to receive mail in East Windham/Hensonville and that mail sent to "Windham, NY 12496" would reach his post office box (*see F & K Supply, Inc. v Shean*, 56 AD3d 1076, 1077-1078 [2008]; *Matter of Shaune TT.*, 251 AD2d 758, 758-759 [1998]; *cf. Wade v Village of Whitehall*, 46 AD3d at 1303-1304; *see generally U.S. Bank Natl. Assn. v Vanvliet*, 24 AD3d 906, 908 [2005]). Moreover, given defendant's failure to inquire into the status of his trial-ready case or the disposition of his request for an adjournment after discharging his counsel, we conclude that his conduct evinced "a serious lack of concerned attention to the progress of this action" (*Fishman v Beach*, 246 AD2d at 780 [internal quotation marks and citation omitted]; *accord Guariglia v Price Chopper Operating Co., Inc.*, 13 AD3d 1028, 1029-1030 [2004]; *see Kranenburg v Butwell*, 34 AD3d at 1006). In any event, even assuming that defendant provided a reasonable excuse for default, he failed to offer proof of a meritorious defense (*see F & K Supply, Inc. v Shean*, 56 AD3d at 1078). Under these circumstances, it cannot be said that Supreme Court abused its discretion in denying defendant's motion for vacatur.

---

* Although defendant's post office box is located in East Windham (or Hensonville), New York, with a zip code of 12439, Supreme Court's order was sent to "Windham, New York, 12496," at an address provided by defendant's former counsel.

Defendant's remaining arguments have been considered and found to be lacking in merit.

Peters, Rose, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.