Garry, J.
Appeal from an order of the Supreme Court (McNamara, J.), entered September 1, 2011 in Albany County, which denied defendant’s motion to renew.
Plaintiff commenced this action in March 1996 to collect allegedly unpaid tuition for the 1992-1993 school year at the State University of New York at Stony Brook. After joinder of issue, the parties exchanged correspondence and, in 1997, defendant supplied plaintiff with registration documents purportedly showing that he had enrolled in and paid for a single one-credit course rather than the 10 unpaid credits that plaintiff alleged. Plaintiff did not respond. Thereafter, for reasons unexplained, the action lay fallow for 11 years.
In 2005, defendant relocated to Florida. In November 2008, plaintiff moved for summary judgment and sent notice of the motion via first class mail to defendant’s former New York address. After it was returned as undeliverable, notice was then sent by first class mail to defendant’s Florida residence. Defendant failed to oppose this motion, and a default judgment was entered against him in April 2009 and served upon him in June 2010. Promptly thereafter, he moved pro se to vacate the default judgment, alleging that he had not been served with plaintiff’s motion. Supreme Court denied the motion, finding that defendant was properly served when the motion papers were mailed to his New York address of record and that he had not established a reasonable excuse for the default or put forth facts constituting a meritorious defense. In May 2011, following discovery of his previously mislaid 1993 registration papers, defendant moved to renew. Supreme Court denied the motion, and defendant appeals.
We reverse, finding that defendant met his burden to present “new facts not offered on the prior motion that would change the prior determination” (CPLR 2221 [e] [2]; see Webber v Scarano-Osika, 94 AD3d 1304, 1305 [2012]). We find that defendant did so by submitting new evidence both establishing a meritorious defense and demonstrating a reasonable excuse for his default. Therefore, the motion for renewal should have been granted (see M & R Ginsburg, LLC v Orange Canyon Dev. Co., LLC, 84 AD3d 1470, 1472 [2011]).
Having made this determination, we examine the underlying motion to vacate the default judgment. This Court has inherent
*812 power to excuse defaults in the interest of justice (see Kostun v Gower, 61 AD3d 1307, 1307 [2009]; Wade v Village of Whitehall, 46 AD3d 1302, 1303-1304 [2007]). The quantum of proof required to establish a reasonable excuse for a default is less stringent than that required on a motion for summary judgment (see Dodge v Commander, 18 AD3d 943, 945 [2005]), and resolving cases on their merits is strongly preferred (see Abel v Estate of Collins, 73 AD3d 1423, 1425 [2010]; Frank v Martuge, 285 AD2d 938, 939 [2001]). Defendant has proffered documentation supporting his claim that he is not liable on the underlying debt, and has affirmatively asserted that he did not receive the summary judgment motion “in New York, Florida, or anywhere else” before he was served with the default judgment. Plaintiff offered no evidence contradicting this claim. “[L]ost or misplaced mail can serve as a reasonable excuse for a pleading delay” (Chase Manhattan Automotive Fin. Corp. v Allstate Ins. Co., 272 AD2d 772, 774 [2000] [internal quotation marks and citation omitted]). Plaintiff has shown no prejudice resulting from defendant’s failure to respond to its motion, particularly in light of its own inexplicable delay of more than 12 years in moving for summary judgment. In light of all the circumstances, we grant the motion for renewal, vacate the default judgment and remit the matter to Supreme Court for a disposition upon the merits (see Whitbeck v Erin’s Isle, 109 AD2d 1032, 1034 [1985]).
Peters, P.J., Lahtinen, Spain and Malone Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion to renew granted and, upon renewal, default judgment vacated, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.