■ Marec Gurin et al., Appellants, v Karl Pogge et al., Respondents. [976 NYS2d 604]—

Spain, J. Appeal from an order of the Supreme Court (Lynch, J.), entered August 13, 2012 in Albany County, which partially granted defendants' motion to vacate a default judgment.

In late 2007, defendant Karl Pogge purchased a dental practice and its assets, leases and equipment from plaintiffs Marec Gurin and Maria Gurin. In addition to an agreement for sale, Pogge and the Gurins entered into an indemnification

agreement. Pogge operated the dental business for several months, but then fell behind on rent and equipment payments. The equipment and real estate lessors sued the Gurins and their company, plaintiff Marquee Dental Management, LLC, for amounts owed, and plaintiffs paid out over $150,000 to settle those claims and for counsel fees.

In June 2009, plaintiffs commenced this action against Pogge and defendant Marque Management, LLC seeking indemnification based upon the indemnification agreement. After defendants failed to appear, plaintiffs obtained a default judgment in June 2010 pursuant to CPLR 3215. Following an inquest at which defendants also did not appear, a judgment was entered against them in the amount of $164,195.81.

In November 2011, defendants moved to vacate the default judgment, putting in dispute the contents of the indemnification agreement that Pogge signed. In an affidavit in support of defendants' motion to vacate, Pogge asserted that he knowingly defaulted because the indemnification agreement he signed did not contain a fourth handwritten provision that would hold him personally responsible for plaintiffs' losses. Defendants argued that the indemnification agreement that Pogge signed with plaintiffs contained only three typewritten provisions and no fourth handwritten provision. In opposition to defendants' motion, plaintiffs asserted that the parties had, in contrast, entered into the indemnification agreement that contained three typewritten provisions as well as the handwritten provision apparently* requiring defendants, including Pogge individually, to indemnify plaintiffs "from any cost and expense, including reasonable attorney's fees and litigation expenses, loan payments, collection costs and all other monies expended." The authenticity of the handwritten provision is at the center of the parties' dispute.

Supreme Court declined to vacate the default judgment pursuant to CPLR 5015 (a) (1), finding that defendants did not demonstrate a reasonable excuse for their default. Instead, the court vacated the judgment against Pogge individually "for sufficient reason and in the interests of substantial justice." Plaintiffs now appeal.

In order to obtain vacatur of a default judgment under CPLR 5015 (a) (1), a party must demonstrate a reasonable excuse for the default and a meritorious defense (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Wade v*

---

* The bottom part of the handwritten provision of the indemnification agreement contained in the record on appeal is cut off. Consequently, the exact wording of that provision is not entirely clear and is not decided herein.

*Village of Whitehall*, 46 AD3d 1302, 1303 [2007]). However, the grounds set forth in CPLR 5015 are not exclusive, and courts retain "inherent discretionary power" to vacate their own judgments "for sufficient reason and in the interests of substantial justice" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *Boyd v Town of N. Elba*, 28 AD3d 929, 931 [2006], *lv dismissed* 7 NY3d 783 [2006]; *Matter of Culberson*, 11 AD3d 859, 861 [2004]). Notably, the decision to vacate "a default judgment lies within the discretion of the trial court . . . [and] should not be disturbed unless it reflects an 'improvident exercise of discretion' " (*Chase Manhattan Automotive Fin. Corp. v Allstate Ins. Co.*, 272 AD2d 772, 773 [2000], quoting *Lucas v United Helpers Cedars Nursing Home*, 239 AD2d 853, 853 [1997]).

Here, Supreme Court vacated the default judgment against Pogge individually in order to afford him the opportunity to litigate, on the merits, a material question as to the factual basis for the judgment against him, i.e., the authenticity of a clause handwritten onto the otherwise typewritten indemnification agreement. Pogge and the attorney who represented him on this matter averred that he never signed any document with plaintiffs that included handwritten additions, nor consented to them. In light of the court's finding that this raised "significant concerns with regard to the factual basis for and validity of the judgment against [Pogge] personally," and in recognition of the strong policy preference for resolving issues on the merits (*see Kostun v Gower*, 61 AD3d 1307, 1308 [2009]; *Wade v Village of Whitehall*, 46 AD3d at 1303), we cannot conclude that the decision to vacate the default judgment against Pogge individually was an abuse of discretion.

Stein, J.P., McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.