■ MICHELE DOANE, Appellant, v KIWANIS CLUB OF ROTTERDAM, NEW YORK, INC., et al., Respondents. [9 NYS3d 750]—

Peters, P.J. Appeal from an order of the Supreme Court (Caruso, J.), entered June 11, 2014 in Schenectady County, which granted defendants' motion to vacate a default judgment entered against defendant Kiwanis Club of Rotterdam, New York, Inc.

In March 2013, plaintiff commenced this personal injury action against defendant Kiwanis Club of Rotterdam, New York, Inc. (hereinafter Kiwanis Club) and defendant Kiwanis International, Inc. alleging that she was seriously injured in June 2012 when she slipped and fell in Kiwanis Park in the Town of Rotterdam, Schenectady County. On May 30, 2013, plaintiff effected personal service of the summons and complaint upon David Keiski, the then president of Kiwanis Club. Two days later, Keiski unexpectedly passed away and Robert Reid thereafter became president. Upon defendants' failure to answer, plaintiff moved, in September 2013, for a default judgment against them. In February 2014, Supreme Court granted plaintiff's motion as to Kiwanis Club only. On March 4, 2014, plaintiff's counsel sent Reid a copy of the default judgment and, on May 2, 2014, defendants moved to vacate the default judgment against Kiwanis Club. Supreme Court thereafter granted the motion and directed plaintiff to accept service of defendants' answer. Plaintiff appeals.

Plaintiff contends that Supreme Court abused its discretion in granting defendants' motion inasmuch as defendants offered no reasonable excuse for Kiwanis Club's default, it was personally served and its default was willful. We disagree. Kiwanis Club does not deny that its former president, Keiski, was personally served. However, regardless of personal service, a court may vacate a default judgment pursuant to CPLR 5015 (a) (1) where the party seeking vacatur "demonstrate[s] a reasonable excuse for the default and a meritorious defense" (*Gurin v Pogge*, 112 AD3d 1028, 1029 [2013]; *see Wadsworth v Sweet*, 106 AD3d 1433, 1434 [2013]; *Abel v Estate of Collins*, 73 AD3d 1423, 1424 [2010]). "Vacatur of a default judgment lies within the discretion of the trial court, a determination that should not be disturbed unless it reflects an 'improvident exercise of discretion' " (*Chase Manhattan Automotive Fin. Corp. v Allstate Ins. Co.*, 272 AD2d 772, 773 [2000], quoting *Lucas v United Helpers Cedars Nursing Home*, 239 AD2d 853, 853 [1997]; *see Gurin v Pogge*, 112 AD3d at 1030).

In support of the motion, defendants submitted the affidavit of the secretary of Kiwanis Club, Edward Barkowski, who stated that three months prior to Keiski's death, he received a letter from plaintiff, dated February 27, 2013, inquiring about the ownership of the property where she was injured. According to Barkowski, he thereafter contacted plaintiff's attorney and explained that defendants did not own the property and that he believed it was instead owned by the Town of Rotterdam. Barkowski also stated that he brought the letter "to

the Office of the Supervisor," believing that the property was owned by the Town, and that, based on his communication with plaintiff's attorney, he believed that the action had been informally resolved. Further, Reid averred that, although Keiski sent him a copy of plaintiff's February 27, 2013 letter along with the subsequently served summons and complaint, he too believed that the action as between plaintiff and Kiwanis Club had been informally resolved due to Keiski's communications with plaintiff's counsel as to the ownership of the premises. According to Reid, he nonetheless left a voice message for plaintiff's counsel, to the same effect, to which he received no response. Notably, the record contains information from the Town's website claiming ownership of Kiwanis Park, as well as from a detailed tax map website indicating the Town's ownership of the premises. Upon receiving a copy of the default judgment from plaintiff, Kiwanis Club promptly retained counsel, who immediately contacted plaintiff's counsel and moved to vacate the default judgment soon thereafter.

Under these circumstances, we conclude that Supreme Court properly granted the motion to vacate the default judgment against Kiwanis Club, as defendants proffered a reasonable excuse for the delay in answering given Keiski's death and the other officers' reasonable belief that the action was informally resolved (see Matter of Menditto v Collier, 101 AD3d 1409, 1410 [2012]; Matter of Toyota Motor Credit Corp. v Impressive Auto Ctr., Inc., 80 AD3d 861, 864 [2011]; Abel v Estate of Collins, 73 AD3d at 1424-1425). Defendants also provided sufficient evidence to show a potentially meritorious defense concerning the ownership of the subject property (see Gurin v Pogge, 112 AD3d at 1030; Wade v Village of Whitehall, 46 AD3d 1302, 1303-1304 [2007]). Finally, plaintiff argues that Supreme Court erred in failing to determine that Kiwanis Club and Kiwanis International are the same entity for the purposes of a default judgment. However, in light of Supreme Court's determination granting a default judgment only as to Kiwanis Club, and plaintiff's failure to appeal from this order, this issue is not properly before us (see Cusson v Hillier Group, Inc., 97 AD3d 1042, 1043 [2012]; Ferry v Ferry, 13 AD3d 765, 766 [2004]).

Garry, Egan Jr. and Lynch, JJ., concur. Ordered that the order is affirmed, without costs.