▮ INWALD ENTERPRISES, LLC, et al., Respondents, v ALOHA ENERGY et al., Appellants, et al., Respondent. (Action No. 1.) LEE HORNING, Doing Business as HORNING CONSTRUCTION COMPANY, Appellant, v ROBIN INWALD et al., Respondents. (Action No. 2.) [61 NYS3d 358]—

Egan Jr., J. Appeal from an order of the Supreme Court (Krogmann, J.), entered January 5, 2016 in Warren County, which, among other things, granted defendants' motion in action No. 2 to vacate the default judgment entered against them.

In or about September 2009, Inwald Enterprises, LLC retained Lee Horning to reconstruct a single-family residence in the hamlet of Cleverdale, Warren County. Horning apparently was to act as the general contractor for the project and, in conjunction therewith, purportedly was responsible for insulating the premises. To that end, Horning allegedly subcontracted the insulation work to an entity known as Aloha Energy or Aloha Homes, LLC, which, in turn, installed spray foam insulation at the site. When Robin Inwald moved into the home in November 2011, she detected what has variously been described as "a very strong odor" or "stench" throughout the house. When the "noxious odor persisted," Robin Inwald vacated the premises and, thereafter, she and Inwald Enterprises, LLC (hereinafter collectively referred to as Inwald) commenced action No. 1 against, among others, Horning and the Aloha entities, contending that the "poorly manufactured" and "improperly installed" spray foam insulation was the source of the problems in her home. In response, Horning commenced action No. 2 against Inwald for breach of contract, alleging that Inwald failed to pay for certain labor, materials and services rendered.

A preliminary conference was held in October 2013, at which time the two actions were joined and a discovery schedule was established.[1] After Inwald initially failed to comply with certain discovery demands and a 30-day conditional order was issued, Inwald responded to the demands, the discovery deadline was extended and a status conference was scheduled for March 2015. When Inwald's counsel, Christopher Humphrey, failed to appear for the scheduled conference and attempts to reach him by telephone were unsuccessful, Supreme Court sent Humphrey a letter inquiring as to his absence. Humphrey failed to respond within the 10-day period allotted, and Supreme Court scheduled a hearing to afford Humphrey an opportunity to explain his absence and to consider whether sanctions should be imposed. Humphrey responded by letter, attributing his failure to attend to an unexpected need to travel out of state to care for his minor children, and Supreme Court indicated that

1. Supreme Court issued what was denominated as a consolidation order and ordered that all further papers be filed under the index number corresponding to action No. 2. The consolidation order reflects, however, that the separate captions for action Nos. 1 and 2 were to be retained.

it would treat Humphrey's response as a written submission and render a determination upon that basis.

The next status conference was scheduled for September 11, 2015 and, when Humphrey again failed to appear, Supreme Court dismissed the complaint in action No. 1 and granted Horning a default judgment in action No. 2.[2] Upon learning of this development, Inwald retained new counsel and promptly moved to renew/vacate Supreme Court's resulting order and judgment. Supreme Court granted Inwald's motion—vacating both the order dismissing action No. 1 and the default judgment entered in action No. 2—and this appeal by Horning and Aloha ensued.

We affirm. "A party seeking to vacate a judgment of default must demonstrate a reasonable excuse for the default and the existence of a meritorious defense" (*Passeri v Tomlins*, 141 AD3d 816, 817 [2016] [citations omitted]; *see Matter of Village Green Hollow, LLC v Assessor of the Town of Mamakating*, 145 AD3d 1134, 1136 [2016]). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (*Puchner v Nastke*, 91 AD3d 1261, 1262 [2012] [internal quotation marks, brackets and citations omitted]; *see Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]). As to the existence of a meritorious defense, it is well settled that "the quantum of proof needed to prevail on a CPLR 5015 (a) (1) motion is less than that required when opposing a summary judgment motion" (*Abel v Estate of Collins*, 73 AD3d 1423, 1425 [2010]; *accord Passeri v Tomlins*, 141 AD3d at 818; *see Baptist Health Nursing & Rehabilitation Ctr., Inc. v Baxter*, 140 AD3d 1386, 1388 [2016]; *State of New York v Bayramov*, 98 AD3d 811, 812 [2012]). "A motion to vacate a prior judgment or order is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (*Hayes v Village of Middleburgh*, 140 AD3d 1359, 1362 [2016] [internal quotation marks and citations omitted]; *see Baptist Health Nursing & Rehabilitation Ctr., Inc. v Baxter*, 140 AD3d at 1387). Further, "[c]ourts are not limited to vacating a judgment pursuant to the enumerated grounds set forth in CPLR 5015 . . ., as they retain inherent discretionary power to vacate

---

2. Supreme Court indicated that a ruling as to possible sanctions and costs would be forthcoming, but the record does not reflect the court's resolution of those issues.

their own judgments for sufficient reason and in the interests of substantial justice" (*Borst v International Paper Co.*, 121 AD3d 1343, 1348 [2014] [internal quotation marks and citation omitted]; *see Hayes v Village of Middleburgh*, 140 AD3d at 1362; *Gurin v Pogge*, 112 AD3d 1028, 1030 [2013]; *State of New York v Bayramov*, 98 AD3d at 811-812; *Kostun v Gower*, 61 AD3d 1307, 1307 [2009]).

Here, even applying the arguably more exacting standard set forth in CPLR 5015 (a) (1), we do not find that Supreme Court abused its discretion in granting Inwald's motion. While there indeed may be instances where counsel's inaction or dilatory conduct may be imputed to the client (*see e.g. Carillon Nursing & Rehabilitation Ctr., LLP v Fox*, 118 AD3d 933, 934 [2014]; *Gutman v A to Z Holding Corp.*, 91 AD3d 718, 719 [2012]), a review of Robin Inwald's affidavit—together with the supporting documentation annexed thereto—reveals that she never intended to abandon either the pursuit of action No. 1 or the defense of action No. 2 (*see e.g. Puchner v Nastke*, 91 AD3d at 1262) but, rather, reasonably believed that Humphrey was actively pursuing and properly defending Inwald's interests in the context thereof (*see e.g. Gage v Village of Catskill*, 144 AD3d 1365, 1367 [2016]; *Abel v Estate of Collins*, 73 AD3d at 1424-1425). Although Robin Inwald acknowledged that Humphrey often was slow to respond to her inquiries, she averred that he assured her that discovery was progressing and that he would keep her apprised of further court conferences and developments. Indeed, Robin Inwald asked Humphrey that she be included in what she believed would be a telephone conference with Supreme Court in September 2015 and, when Humphrey failed to respond to her request, she went down to the courthouse and inquired as to the status of the cases—only to learn that the complaint had been dismissed in action No. 1 and that a default judgment had been entered in action No. 2. As noted previously, new counsel then was retained and the instant motion to vacate was brought. Under these circumstances, we cannot say that Supreme Court abused its discretion in declining to penalize Inwald for Humphrey's omissions and, further, in finding that Inwald demonstrated a reasonable excuse for the default.

We reach a similar conclusion relative to the existence of a meritorious defense. Although Horning and Aloha take issue with the quality and sufficiency of the supporting documentation annexed to Robin Inwald's affidavit, we are satisfied that the underlying complaint, the subject affidavit and the various letters and reports submitted therewith—documenting both

the existence and alleged source of the noxious odors in the home and the remediation efforts required relative thereto—are sufficient to establish a meritorious defense. To the degree that either Aloha or Horning more specifically challenge certain causes of action set forth in Inwald's complaint, suffice it to say that, given both the limited record before us and the disputed factual issues, the resolution of such arguments will have to await further motion practice. The remaining arguments advanced on appeal, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., Lynch, Rose and Mulvey, JJ., concur. Ordered that the order is affirmed, with costs.