OPINION OF THE COURT Martin D. Auffredou, J. This is an action to foreclose a mortgage on real property known as 93 Maple Avenue, unit 303, Glens Falls, Warren County, New York (the subject property). The subject property is one unit in a condominium building known as Canfield Square Condominiums. In the complaint, plaintiff alleges that on or about August 18, 2006, nonparty Parkside Development Partners, LLC executed a note in favor of plaintiff, in the principal amount of $250,000. To secure the note, on the same date, Parkside gave plaintiff a mortgage. Plaintiff further alleges that by mortgage spreader and consolidation agreement (the mortgage spreader agreement) between plaintiff, Parkside and nonparty Canfield Properties, LLC, dated December 19, 2006, the lien of the mortgage was extended and spread to cover certain real property owned by Canfield, including the subject property, along with other parcels. Plaintiff contends that the mortgage and the mortgage spreader agreement together constitute a valid and existing first mortgage lien on the subject property. Plaintiff asserts that defendant Wilmington Trust National Association, as Trustee for MFRA Trust 2015-1, is the record owner of the subject property and took title to the same subject to plaintiff’s mortgage. Plaintiff alleges that the note remains unpaid and the note and mortgage are in default by virtue of, inter alia, the conveyance of the subject property to defendant. Plaintiff claims that defendant Wilmington Trust National Association, as Trustee for MFRA Trust 2015-1, is named as a party inasmuch as its title to and interest in the subject property is subject and subordinate to the lien of plaintiff’s mortgage, in order to bar defendant from any claimed right, title or interest in and to the subject property. Plaintiff commenced the instant action on December 7, 2016, by the filing of a notice of pendency, summons and complaint. According to an affidavit of service, the summons and complaint were served upon defendant Wilmington Trust National Association, as Trustee for MFRA Trust 2015-1, on December 29, 2016, pursuant to CPLR 311, via delivery to Brandy Per-manova, legal administrator, a person of suitable age and discretion authorized to accept service. Plaintiff moves for an order appointing a referee to compute and amending the caption to remove defendants The Board of Managers of Crandall Square Condominium and John Doe No. 1 through John Doe No. 15, on the basis that they are not necessary party defendants. Defendant Wilmington Trust National Association, not in its individual capacity but solely as trustee for MFRA Trust 2015-1 (defendant or Wilmington), opposes the motion and cross-moves for an order: (1) vacating a default, pursuant to CPLR 5015 and 317; and (2) dismissing plaintiff’s complaint pursuant to CPLR 3211 (a) (1), (5), (7) and (10) and canceling plaintiff’s lis pendens or, in the alternative, compelling acceptance of a late answer pursuant to CPLR 3012 (d). Briefly, in its motion, plaintiff argues that Wilmington was served with the pleadings but failed to appear or answer and seeks an order of reference. In its cross motion, Wilmington argues that the default is not its fault but, rather, is the result of law office failure of its prior retained counsel. Wilmington states that it retained counsel within six days of being served, prior to the time its answer was due, and counsel accepted the referral but then failed to serve an answer. Wilmington contends it did not know counsel failed to serve an answer or otherwise take action to avoid default until after the time to answer had expired. Defendant further contends that prior counsel advised that plaintiff’s counsel had initially granted defendant an extension of time to answer but later rescinded same. Wilmington also contends that it has meritorious defenses to the action. Wilmington argues that the mortgage spreader agreement, upon which plaintiff relies, lacks consideration and fails to create a valid and enforceable lien on the property. Wilmington claims the mortgage spreader agreement encumbers the building, not the individual condo units. Wilmington further argues that even if the mortgage spreader agreement created an enforceable lien, the statute of limitations has expired as, by its terms (para third), the debt was accelerated on March 1, 2008 and no written extension agreement has been provided or alleged by plaintiff and, thus, the foreclosure action was required to be commenced on or before February 28, 2014. Wilmington also argues that “it appears that any lien created by” the mortgage spreader agreement has been paid off and satisfied, based upon a notation in the HUD closing statement. Wilmington also asserts that plaintiff’s motion should be denied as it is without merit and deficient on the face of the pleadings. Specifically, Wilmington contends that plaintiff has failed to meet its prima facie burden of entitlement to foreclosure for several reasons. Wilmington alleges that plaintiff has failed to name necessary parties, including its borrower, Park-side, and Canfield. Defendant also argues that plaintiff failed to include an affidavit of merit and relies instead on its attorney’s affirmation, which fails to properly authenticate the documents attached, has failed to offer proof of default and has failed to offer proof of the amount still owed. Wilmington also argues that plaintiff has failed to properly demonstrate standing, as it did not attach a copy of the note or attest that the note is in its possession. In opposition to defendant’s cross motion, plaintiff submitted an affirmation of its counsel, denying that defendant had been granted an extension of time to answer the complaint and averring that the note is and has been in counsel’s possession. Plaintiff also submitted an affidavit of Craig Shamlian, a member of plaintiff, setting forth the factual history underlying this action, a separate action brought by plaintiff against Parkside and the four guarantors on the note, and a separate foreclosure action involving the same real property. (Santander Bank was the successful bidder at the sale held in connection with that action and title was conveyed to defendant as San-tander’s designee.) Mr. Shamlian further sets forth the amount plaintiff alleges is due on the note. Copies of various documents, including the note and mortgage, are annexed to Mr. Shamlian’s affidavit. In his affidavit, Mr. Shamlian avers that in the action on the note, plaintiff secured a judgment against Parkside and the guarantors, but has been unable to collect its judgment. He further attests that no property executions were served because plaintiff was unable to identify any assets available for execution and, therefore, no sheriff has ever returned to plaintiff a property execution unsatisfied. Mr. Shamlian represents that other than the subject property, all of plaintiff’s other real estate collateral has been foreclosed by first mortgagees and the subject property is plaintiff’s only remaining collateral and only known potential source of recovery. Plaintiff argues that defendant’s cross motion must be denied as defendant has failed to offer a reasonable excuse for its default and contends that defendant’s alleged defenses are refuted by documentary evidence or fail as a matter of law. Oral argument on the motion and cross motion was held on June 1, 2017. During that argument, defendant’s counsel argued, inter alia, that plaintiff’s complaint should be dismissed based upon the principle of election of remedies, pursuant to RPAPL 1301, and made an application to deem defendant’s cross motion amended to seek dismissal of the complaint upon this ground. Upon consent of plaintiff’s counsel, the court granted that application and gave each party an opportunity to offer further written submissions on that issue. Counsel for both parties thereafter submitted further written arguments regarding the application of RPAPL 1301, which the court has reviewed and considered in deciding the motion and cross motion. The court will address defendant’s cross motion first. A default judgment has not yet been entered in this action and, therefore, neither CPLR 317 nor 5015 apply. Therefore, that portion of Wilmington’s cross motion which seeks to vacate a default based upon those statutes is denied. Courts possess the discretion to vacate a default and/or to extend the time to answer and compel plaintiff to accept an untimely answer, upon a showing of a reasonable excuse for the delay and a meritorious defense (see Inwald Enters., LLC v Aloha Energy, 153 AD3d 1008, 1010 [3d Dept 2017]; Puchner v Nastke, 91 AD3d 1261, 1261-1262 [3d Dept 2012]; Federal Natl. Mtge. Assn. v Zapata, 143 AD3d 857, 858 [2d Dept 2016]; see also CPLR 2004, 3012 [d]). “Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits” (Inwald, 153 AD3d at 1010 [internal quotation marks and citations omitted]). “Regarding the meritorious defense, a defendant must demonstrate a prima facie showing of legal merit, but need not present all of its supporting proof or establish a defense as a matter of law” (Anthony DeMarco & Sons Nursery, LLC v Maxim Constr. Serv. Corp., 126 AD3d 1105, 1105-1106 [3d Dept 2015] [citations omitted]). In this case, Wilmington contends that the delay in answering was due to law office failure. “A court has the discretion to accept law office failure as a reasonable excuse for a party’s default. However, it was not the Legislature’s intent to routinely excuse such defaults, and mere neglect is not a reasonable excuse.” (OneWest Bank, FSB v Singer, 153 AD3d 714, 716 [2d Dept 2017] [internal quotation marks and citations omitted]; see CPLR 2005.) Where a party asserts law office failure, it must provide a detailed and credible explanation of the default (e.g. GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138 [2d Dept 2015]). Following due consideration of all relevant factors, the court finds that defendant has made a showing of reasonable excuse for the delay and a meritorious defense to the complaint sufficient to excuse its default and to extend its time to appear or answer pursuant to CPLR 2004 and 3012 (d). Defendant provided a detailed and credible explanation of its default. Under the circumstances, the court will not impute to defendant the inaction or dilatory conduct of its prior counsel as the documents submitted by defendant’s current counsel demonstrate that defendant did not intend to abandon the action and reasonably believed that prior counsel was properly defending its interests. Therefore, defendant has demonstrated a reasonable excuse for its default (cf. Inwald, 153 AD3d at 1010). Moreover, the court finds that defendant has demonstrated that it has potentially meritorious defenses to the complaint, including whether the mortgage spreader agreement created an enforceable lien and whether the action is barred by the statute of limitations. The court will next address defendant’s argument that this action must be dismissed, pursuant to RPAPL 1301. “The holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies” (Gizzi v Hall, 309 AD2d 1140, 1141 [3d Dept 2003] [citations omitted]; see also Wells Fargo Bank, N.A. v Goans, 136 AD3d 709, 709 [2d Dept 2016] [“(w)here a creditor holds both a debt instrument and a mortgage which is given to secure the debt, the creditor may elect either to sue at law to recover on the debt, or to sue in equity to foreclose on the mortgage”]). RPAPL 1301 (1) specifically provides that “[w]here final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued . . . and has been returned wholly or partly unsatisfied.” “Stated another way, an action for foreclosure cannot be maintained where the plaintiff has previously pursued a separate action on the note and recovered a money judgment against the defendant which has not been satisfied” (VNB N.Y. Corp. v Paskesz, 131 AD3d 1235, 1236 [2d Dept 2015] [citations omitted]). Plaintiff argues that RPAPL 1301 is limited to instances where the defendant in the foreclosure action was the same party against whom a money judgment was obtained in the earlier action. However, the clear language of the statute does not so limit its application. “RPAPL 1301 (1) is the embodiment of the equitable principle that once a remedy at law has been resorted to, it must be exercised to exhaustion before a remedy in equity, such as foreclosure, may be sought. The purpose of the statute is to avoid multiple lawsuits to recover the same mortgage debt” (Aurora Loan Servs., LLC v Lopa, 88 AD3d 929, 930 [2d Dept 2011] [internal quotation marks and citations omitted]). In the case at bar, in commencing the foreclosure action, plaintiff elected to pursue its remedy at law and obtain a judgment on the mortgage debt (the note) first, before it commenced this action to foreclose the mortgage securing that same note. Plaintiff admits that it secured judgments against Parkside and the guarantors in that action to recover the mortgage debt and that no property executions were served and returned unsatisfied. As such, this action is barred by RPAPL 1301 (1) and the complaint must be dismissed (see Sabbatini v Galati, 14 AD3d 547, 548 [2d Dept 2005]; Simms v Soraci, 252 AD2d 519, 520 [2d Dept 1998]). Based upon the court’s decision, defendant’s remaining arguments and plaintiff’s motion for an order of reference have been rendered academic and plaintiff’s motion is denied on that basis. The court notes, however, that plaintiff’s motion would have been denied in any event. Although it submitted the affidavit of Mr. Shamlian, with a copy of the note attached, in opposition to defendant’s cross motion, plaintiff failed to include in its original moving papers a copy of the subject note and an affidavit of merit attesting to defendant’s default and, thus, is not entitled to an order of reference (compare Federal Natl. Mtge. Assn. v Zapata, 143 AD3d at 858-859; Wells Fargo Bank, NA v Ambrosov, 120 AD3d 1225, 1226 [2d Dept 2014]; see RPAPL 1321; CPLR 3215 [f]). Accordingly, it is hereby ordered that plaintiff’s motion for an order of reference is denied; and it is further ordered that the branch of defendant Wilmington’s cross motion which seeks an order vacating a default, pursuant to CPLR 5015 and 317, is denied; and it is further ordered that defendant Wilmington’s default in appearing is vacated and defendant’s time to appear is hereby extended, pursuant to CPLR 2004 and 3012 (d); and it is further ordered that the branch of defendant Wilmington’s cross motion, as amended, which seeks an order dismissing plaintiff’s complaint pursuant to RPAPL 1301 is hereby granted and plaintiff’s complaint is hereby dismissed, with prejudice; and it is further ordered that the remaining branches of defendant Wilmington’s cross motion are hereby denied as academic. The proposed order of reference submitted by plaintiff has been returned, marked “not signed.”