**Universal Inv. Advisory SA v Bakrie Telecom Pte, Ltd**

2024 NY Slip Op 34541(U)

December 31, 2024

Supreme Court, New York County

Docket Number: Index No. 652890/2014

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

---------------------------------------------------------------------------------X

UNIVERSAL INVESTMENT ADVISORY SA, VAQUERO MASTER EM CREDIT FUDN LTD., UNIVERSAL ABSOLUTE RETURN SP, HARSHIL KANTILAL KOTHARI, FOOTBRIDGE CAPITAL, LLC, and GROWTH CREDIT FUND IC,

|  |  |
|---|---|
| **INDEX NO.** | 652890/2014 |
| **MOTION DATE** |  |
| **MOTION SEQ. NO.** | 007 |

Plaintiffs,

- v -

BAKRIE TELECOM PTE, LTD, PT BAKRIE TELECOM TBK, PT BAKRIE NETWORK, PT BAKRIE CONNECTIVITY, PT BAKRIE & BROTHERS TBK, ANINDYA NOVYAN BAKRIE, FREDERIK JOHANNES MEIJER, MUHAMMAD BULDANSYAH, JULIANDUS A LUMBAN TOBING, RAKHMAT JUNAIDI, JASTIRO ABI, GAFUR SULISTYO UMAR, AI MULYADI MAMOER, RAJSEKAR KUPPUSWAMI MITTA, NALINKANT A RATHOD, and AMBONO JANURIANTO,

**DECISION + ORDER ON MOTION**

Defendants.

---------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 007) 381, 382, 383, 384, 385, 386, 387, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401

were read on this motion to/for        JUDGMENT - DEFAULT                    .

Plaintiffs Universal Investment Advisory SA, Universal Absolute Return SP, Vaquero Master EM Credit Fund Ltd., Harshil Kantilal Kothari, Footbridge Capital, LLC, and Growth Credit Fund IC move for a default judgment against defendants Bakrie Telecom Pte. Ltd., Anindya Novyan Bakrie, Frederik Johannes Meijer, Muhammad Buldansyah, Rakhmat Junaidi, Jastiro Abi, Gafur Sulistyo Umar, Ai Mulyadi Mamoer, Rajsekar Kuppuswami Mitta, Nalinkant A. Rathod, and Ambono Janurianto, and PT Bakrie & Brothers Tbk.

652890/2014   UNIVERSAL INVESTMENT vs. BAKRIE TELECOM PTE, LTD
Motion No.  007

Page 1 of 4

1 of 4

On January 23, 2024, defendants were served with their counsel's OSC to be relieved which also included a referral to the NYC Bar Association's Legal Referral Service. (NYSCEF 373, Aff of Service; NYSCEF 372, January 20, 2024 OSC.) At argument on the record on February 6, 2024, counsel was relieved, and the court set a conference date of February 26, 2024. (NYSCEF 376, February 20, 2024 Decision and Order.) Therefore, defendants effectively had until February 26, 2024 to engage new counsel. At a conference on February 26, 2024, defendants failed to appear -- with or without counsel. Plaintiffs filed this motion on April 30, 2024, giving defendants 60 days from the date of the order to notify the court and plaintiff of its intention to engage counsel. (NYSCEF 381, Notice of Motion.) New counsel for defendants filed a notice of appearance on May 15, 2024. (NYSCEF 388.) At argument on this motion on August 13, 2024, the parties agreed to denial of the motion on condition that defendants pay plaintiffs' legal fees on the default motion. Plaintiffs submitted invoices with a request for $237,032.50 in legal fees plus $4,382.96 in expenses, totaling $241,415.46. (NYSCEF 396, Invoices.)

Defendants challenge plaintiffs' fee request arguing that 227.90 hours for a basic default motion is unreasonable, and thus, object to plaintiffs' exorbitant legal fees. (NYSCEF 400, Defendants' Memo of Law.)

Under CPLR 3215(f), a motion for a default judgment will be granted with: (1) proof of service of the summons and complaint; (2) proof of the facts constituting its claim; and (3) proof of the defendant's default in answering or appearing. (*Bigio v Gooding*, 213 AD3d 480, 481 [1st Dept 2023].) However, where defendant fails to appear or timely serve an answer, the motion should be denied where defendant

652890/2014  UNIVERSAL INVESTMENT vs. BAKRIE TELECOM PTE, LTD
Motion No.  007

Page 2 of 4

2 of 4

INDEX NO. 652890/2014
NYSCEF DOC. NO. 402                                          RECEIVED NYSCEF: 12/31/2024

provides a reasonable excuse for the delay and demonstrates a potentially meritorious defense to the action. (*Meija v Ramos*, 113 AD3d 429, 430 [1st Dept 2014].) Likewise, a party seeking to vacate a judgment or order based on a default "must demonstrate a reasonable excuse for the default and the existence of a meritorious defense." (*Inwald Enters., LLC v Aloha Energy*, 153 AD3d 1008, 1010 [3d Dept 2017] [citations omitted]; *see* CPLR 5015 [a] [1].)

Plaintiffs' default motion is denied. While defendants' failure to engage counsel for almost 120 days in this 2014 action is not reasonable, courts prefer to resolve cases on the merits. (*Meija v Ramos*, 113 AD3d at 430.) Defendants have asserted viable defenses challenging plaintiffs' reliance, a necessary element for plaintiff' fraud claim. Further, defendants challenge plaintiffs' assertion that defendants were insolvent prior to the offering and plaintiffs' damages. Finally, some defendants are entitled to a decision on their motion to dismiss for lack of personal jurisdiction after jurisdictional discovery. (*Universal Inv. Advisory SA v Bakrie Telecom Pte., Ltd.*, 154 AD3d 171, 178 [1st Dept 2017].)[1]

CPLR 5015(a) allows the court to impose conditions to relieve a party of a default. Based on the court's experience, it finds that $30,000 is a reasonable fee for compiling a basic motion for a default judgment. Plaintiffs' motion consists of the traditional elements i.e. memos of law in support a reply and affidavits, and usual arguments for a default motion. Here, plaintiffs' expenses associated with the motion are reasonable. These fees would not have been incurred if defendants had timely engaged counsel or at least informed the court and plaintiff that it was seeking counsel.

[1] The timing of this motion shall be addressed at a conference.

**652890/2014   UNIVERSAL INVESTMENT vs. BAKRIE TELECOM PTE, LTD**                     **Page 3 of 4**
**Motion No.  007**

[* 3]

Accordingly, it is

ORDERED that the motion for a default judgment against defendants is denied; and it is further

ORDERED that defendants shall reimburse plaintiffs reasonable legal fees of $30,000 and $4,382.96 in expenses within 30 days of the date of this order; and it is further

ORDERED that defendants shall file in NYSCEF the transcript of the August 13, 2024 argument wherein defendants agreed to pay reasonable attorneys' fees; and it is further;

ORDERED that the parties shall appear for a conference on January 13, 2025 at 3:45 pm.

20241231155711AMASLEYB5E0436F89F3438FB18C0CC4053FBC0A

| 12/31/2024 | | ANDREA MASLEY, J.S.C. |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**652890/2014   UNIVERSAL INVESTMENT vs. BAKRIE TELECOM PTE, LTD**
 **Motion No.  007**

**Page 4 of 4**