■ ANTHONY SCIELZI, Appellant, v LAWRENCE GOLD, Respondent, et al., Defendants. [624 NYS2d 66] —Crew III, J. Appeal from an order of the Supreme Court (Williams, J.), entered May 26, 1994 in Sullivan County, which granted defendant Lawrence Gold's motion to vacate a default judgment entered against him.

Plaintiff's action against defendant Lawrence Gold (hereinafter defendant) sounds in legal malpractice and stems from defendant's representation of plaintiff with respect to the attempted purchase of certain real property. It appears that plaintiff's complaint was served upon defendant on or about

October 18, 1993. Following service of defendant's answer on or about April 4, 1994, defendant received notice that a default judgment had been filed against him on March 29, 1994. Defendant's subsequent motion to vacate the default was granted, and this appeal by plaintiff followed.

A motion to vacate a default is addressed to the sound discretion of the trial court and, absent an abuse of that discretion, the court's decision will not be disturbed (see, *Pisano v Tupper*, 177 AD2d 886, 887). Here, the record plainly reveals that the parties were actively attempting to resolve this matter without the need for further litigation and it is apparent that prior to March 10, 1994, defendant had been granted various extensions of time to file his answer. By letter dated March 10, 1994, plaintiff's counsel demanded that defendant file his answer within 10 days, unless counsel and defendant made other arrangements prior to defendant's receipt of that letter. Although the parties dispute whether any alternative arrangements indeed were made, we reject plaintiff's contention that a hearing was warranted on this issue.

Even accepting plaintiff's assertion that no further extensions were granted beyond the 10 days set forth in the March 10, 1994 letter, we are of the view that Supreme Court did not abuse its discretion in granting defendant's motion to vacate the default. The delay was not overly lengthy, defendant's affidavits set forth a reasonable excuse for the delay and, at the very least, suggest a meritorious defense, and we do not perceive any substantial prejudice to plaintiff (see generally, *Koren-DiResta Constr. Co. v CNA Ins. Cos.*, 176 AD2d 567). Accordingly, Supreme Court's order should be affirmed.

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.