■ In the Matter of ROBERT WAITE et al., Respondents, v GEORGE WHALEN et al., Appellants. [626 NYS2d 867] —Cardona, P. J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered June 22, 1994, which, in a proceeding pursuant to Family Court Act article 6, denied respondents' motion to, *inter alia,* vacate a default judgment entered against them.

Petitioners are the adoptive parents of a girl, Elizabeth, and respondents are the adoptive parents of a boy, Michael. The two children are biological siblings. In February 1993, the parties entered into a written visitation agreement. In July 1993, however, for reasons disputed by the parties, the scheduled visitation did not take place. Although efforts to reestablish visitation were made, they were apparently unsuccessful and in September 1993, petitioners commenced this proceeding requesting that Family Court determine whether visitation between the children should continue.

A trial was set to commence on January 6, 1994. Prior to that date, the parties discussed settlement which included two visits per year between the children. A proposed stipulation was prepared and forwarded to respondents on December 9, 1993. Not having received the signed stipulation back from respondents, petitioners' attorney made several calls in late December 1993 and early January 1994 to respondents' attorney. On January 5, 1994, the day before the trial date, the attorneys spoke and respondents' attorney stated that the stipulation was on its way back to him from his clients. According to petitioners' attorney, she advised respondents' attorney that Family Court required a signed stipulation by trial date. Respondents' attorney, however, contends that it was his belief that the matter would be adjourned because the stipulation had not yet been returned to him. He claims that he called all of the parties involved, including the clerk of Family Court, to confirm that the stipulation had not yet been

signed but that the matter would be adjourned. While petitioners' attorney contends that she declined to seek the adjournment, she does admit that she told respondents' attorney that she would consent to an adjournment.

On the trial date, the Law Guardian and petitioners' attorney appeared; respondents' counsel, however, was not present. The transcript reveals that while Family Court was aware that a stipulation was in the process of being signed, nothing with respect to an adjournment was mentioned. Because the signed stipulation was not before the court, it proceeded to the merits of the case. At that point, petitioners requested a two-year suspension of visitation. At the end of the hearing, the court granted the relief requested. After the court's resulting order was served on respondents' attorney, respondents moved to, *inter alia,* vacate the court's order. Family Court denied the motion, resulting in this appeal.

Initially, it is noted that respondents' attorney should have appeared on the trial date since there was no confirmation from the court that the matter would be adjourned. Possible settlement of a proceeding does not result in an automatic adjournment. Therefore, Family Court properly exercised its discretion to proceed with the trial. On the other hand, under the circumstances of this case and considering that the matter involves the visitation of children, we conclude that respondents' motion to vacate the order should have been granted *(see, Rosado v New York City Hous. Auth.,* 183 AD2d 640).

Although it is true that a motion to vacate a default is addressed to the sound discretion of the trial court *(see, M.D. & Son Contr. v American Props.,* 179 AD2d 519), it is also true that disposition on the merits is favored *(see, Dimitratos v City of New York,* 180 AD2d 414). A default judgment will be vacated upon a showing of a reasonable excuse for the default and that the defaulting party has a meritorious defense *(McKay v Longman,* 199 AD2d 941). The evidence in the record plausibly supports the contention of respondents' attorney that he believed that the matter would be adjourned *(see, Scielzi v Gold,* 213 AD2d 872; *Zablocki v Straley,* 173 AD2d 1015; *Gardner v Laub & Co.,* 72 AD2d 727). As he notes, after talking with petitioners' attorney on January 5, 1994, he made no request to respondents to immediately send the stipulation back to him, and on the trial date he sent a letter to petitioners' attorney confirming that once he received the stipulation he would forward it to her.

In addition, petitioners' attorney admits that she was willing to consent to an adjournment and there is no indication in

the record of any advance notice to respondents that if they did not appear petitioners would then actually seek to terminate visitation *(see generally, Price v Polisner,* 172 AD2d 422; *Swain v Janzen,* 121 AD2d 378; *cf., National Microtech v Satellite Video Servs.,* 107 AD2d 860, *lv dismissed* 64 NY2d 612). We, therefore, find that there was a reasonable excuse for the failure to appear.

We are also of the view that respondents' papers at the very least suggest a meritorious defense *(see, Scielzi v Gold, supra).* While they did not submit an affidavit of merit *(see generally, Cooper v Badruddin,* 192 AD2d 997), their verified pleadings sufficiently fulfilled the requirement of such an affidavit *(see, Pickney v Wood,* 165 AD2d 949; *see also, Ultrashmere House v 38 Town Assocs.,* 123 Misc 2d 102) and contained enough factual allegations to warrant vacatur of the default.

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, motion granted and default judgment entered against respondents vacated.