■ In the Matter of STEPHANIE THORSLAND, Respondent, v RONALD RAY, Appellant. [846 NYS2d 684]—

Lahtinen, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered September 25, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Petitioner and respondent are the parents of four children (born in 1993 and 1995). In 1999, Family Court entered an order pursuant to the parties' stipulation granting them joint custody of the children with primary physical custody to petitioner and visitation to respondent. In June 2006, petitioner initiated the present proceeding requesting modification of respondent's visitation. Hearings on the petition were conducted, some of which respondent attended, but he failed to appear at a hearing on September 14, 2006 and Family Court granted petitioner's motion for a default judgment against him ordering that future visitation between respondent and his children be supervised. Respondent now appeals.

Arguing that he had a reasonable excuse for not appearing and that he has a meritorious defense to the allegations in the petition, respondent now requests that the default judgment against him be vacated pursuant to CPLR 5015. However, inasmuch as no appeal lies from a default judgment and respondent has not moved before Family Court to vacate the default, respondent's appeal must be dismissed (*see* CPLR 5511; *Matter of Hill v Hillenbrand*, 12 AD3d 980, 981 [2004], *lv denied* 4 NY3d 705 [2005]; *Matter of Shabazz v Blackmon*, 274 AD2d 770, 771 [2000], *lv dismissed* 95 NY2d 945 [2000]; *Matter of Ashlee X.*, 244 AD2d 707, 709 [1997]).

In light of the dismissal of respondent's appeal, we do not address respondent's remaining argument.

Crew III, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the appeal is dismissed, without costs.