■ In the Matter of DAVID JAMES WOMACK, Appellant, v CYNTHIA ROSARIO, Respondent. [855 NYS2d 698]—

Cardona, P.J. Appeal from an order of the Family Court of Schenectady County (Taub, J.H.O.), entered May 9, 2007, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior custody order.

The parties herein are the unmarried parents of a daughter born in 2003. After respondent filed, among other things, a custody petition, Family Court (Powers, J.) learned that petitioner was in the Schenectady County Jail and it issued an "order to produce" so that petitioner could attend proceedings scheduled for October 6, 2006. Thereafter, noting that petitioner "refused to be brought over to the Court from the Schenectady County Jail," Family Court indicated that it was "satisfied that [petitioner] knowingly refused to appear." Accordingly, in an October 20, 2006 order, upon petitioner's default, the court granted, among other things, sole legal custody of the child to respondent. Subsequently, in February 2007, petitioner commenced this proceeding specifically seeking modification of the existing custody order based on his claim that there was never "a court order to produce myself in Court [b]ack in [October 2006]." Family Court (Taub, J.H.O.) dismissed the petition because it failed "to state a change in circumstances," prompting this appeal.

Petitioner's failure to "factually aver any change in circumstances [since the prior order] which would warrant modification" supports Family Court's summary dismissal of the petition without further proceedings (*Matter of Deuel v Dalton*, 33

AD3d 1158, 1159 [2006]). Despite the clear wording in the petition to the effect that modification of the existing order was being sought, petitioner nevertheless contends on appeal that the subject petition "could be legally construed" as a motion to reopen the prior default judgment, which was denied by Family Court, thus rendering the issue a proper one to be considered by this Court on appeal (*cf. Matter of Thorsland v Ray*, 45 AD3d 1119 [2007]). However, even assuming arguendo that it would be appropriate for this Court to consider the subject appeal in that posture, we are unpersuaded by petitioner's arguments.

To vacate a default judgment under CPLR 5015 (a), the movant "must demonstrate both a reasonable excuse for the default and a meritorious defense" (*Wade v Village of Whitehall*, 46 AD3d 1302, 1303 [2007]; *see Matter of Joseph N.*, 45 AD3d 849, 849 [2007]; *Matter of Joosten v Joosten*, 32 AD3d 1030, 1031 [2006], *lv dismissed* 8 NY3d 834 [2007]). Here, petitioner has not demonstrated the required reasonable excuse for his failure to be present at Family Court on October 6, 2006. His assertion that an order to produce was not issued is refuted by the documentary proof in this record. Petitioner presented no supporting evidence disputing Family Court's finding that he refused to be transported from the jail to the courtroom. Therefore, even treating his petition before Family Court as a motion to open his default would not grant him relief.

Spain, Carpinello, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.