■ In the Matter of PRINCE CC. and Others, Children Alleged to be Abandoned. ALBANY COUNTY DEPARTMENT FOR CHILDREN, YOUTH AND FAMILIES, Respondent; TERRANCE CC., Appellant. [887 NYS2d 325]—

Rose, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered September 30, 2008, which, in a proceeding pursuant to Social Services Law § 384-b, denied respondent's motion to vacate a default order entered against him terminating his parental rights.

In 2005, petitioner removed respondent's three children from the custody of their mother, who later surrendered her parental rights. In 2006, based upon respondent's lack of contact with the children, their service providers and petitioner for more than six months, petitioner commenced this proceeding to terminate his parental rights (*see* Social Services Law § 384-b [4] [b]). A fact-finding hearing was held and, based on respondent's admissions, Family Court found that he had abandoned the children and scheduled a dispositional hearing. After respondent failed to appear at that hearing and neither the court nor his counsel had heard from him, Family Court issued an order of disposition which terminated his parental rights, continued the children in foster care and freed them for adoption. Nine months later, respondent moved to vacate that order. Family Court denied his motion, prompting this appeal.

We affirm. To vacate his default, respondent was required to demonstrate both a reasonable excuse for his failure to appear at the dispositional hearing and a meritorious defense to

termination of his parental rights (*see Matter of Womack v Rosario*, 50 AD3d 1212, 1213 [2008]; *Matter of Taylor v Staples*, 33 AD3d 1089, 1090 [2006], *lv dismissed and denied* 8 NY3d 830 [2007]; *Matter of Shaune TT.*, 251 AD2d 758, 758 [1998]). His affidavit in support of the motion, however, contains only unsubstantiated claims that his employer prevented him from attending the hearing and that he has taken steps to gain custody of his children by obtaining full-time employment and completing treatment for his substance abuse problem. Notably, respondent did not deny having been informed of the hearing date or offer any excuse for his failure to contact the court, his counsel, the Law Guardian or petitioner. Nor does he explain why he waited nine months to seek to vacate his default. Finally, given respondent's extended abandonment of the children, his allegations of recent rehabilitative efforts do not constitute a meritorious defense to the termination of his parental rights (*see Matter of Gloria Marie S.*, 55 AD3d 320, 321 [2008], *lv dismissed* 11 NY3d 909 [2009]; *Matter of Adam S.*, 287 AD2d 723, 724 [2001]; *Matter of Raymond Anthony A.*, 192 AD2d 529, 529 [1993], *lv dismissed* 82 NY2d 706 [1993]). Accordingly, Family Court did not abuse its discretion in denying respondent's motion.

Spain, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.