■ In the Matter of CODY ROBERT BROWN, Respondent, v DELOIS QUORNAY ELEY, Appellant. [969 NYS2d 190]—

Garry, J. Appeals (1) from an order of the Family Court of Montgomery County (Cortese, J.), entered October 24, 2011, which, upon default, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) from an order of said court, entered October 24, 2011, which denied respondent's motion to vacate the prior order.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children, born in 2006 and 2008. Prior to 2011, the parties had joint legal custody and shared equal physical parenting time with their children. In 2011, the father commenced this proceeding seeking primary physical custody of the children, and visitation of the children with the mother on three weekends monthly. At an initial hear-

ing on the petition, the mother and her counsel appeared and entered a general opposition to the petition, and a trial date was set. On the day of the trial, the mother failed to appear; her assigned counsel appeared, but asserted that he lacked authority to proceed on her behalf. Family Court found the mother to be in default. Without conducting a fact-finding hearing, the court essentially adopted the father's request, awarding him primary physical custody of the children and allowing specified weekend time with the mother. The mother thereafter promptly moved to vacate the default judgment. Family Court denied the mother's motion, finding that she had not proffered a reasonable excuse for failing to appear, and entered an order upon default. The mother appeals both orders.

As a party cannot appeal from an order entered upon default, that appeal is not properly before us (*see* CPLR 5511); however, as the mother here also followed the proper procedural course by moving to vacate the default and appealing from the order denying such relief, we may address the issues thus presented (*see Matter of Derek P. v Doris Q.*, 92 AD3d 1103, 1105 [2012], *lv dismissed and denied* 19 NY3d 831 [2012]; *Matter of Naomi KK. v Natasha LL.*, 80 AD3d 834, 835 [2011], *lv denied* 16 NY3d 711 [2011]).

"Although it is true that a motion to vacate a default is addressed to the sound discretion of the trial court, it is also true that disposition on the merits is favored" (*Matter of Waite v Whalen*, 215 AD2d 922, 923 [1995] [citations omitted]). In her application to vacate the default, the mother was required to reveal a reasonable excuse for failing to appear and a meritorious defense (*see Matter of Womack v Rosario*, 50 AD3d 1212, 1213 [2008]). The mother submitted an affidavit in support of her motion alleging that her car broke down on the way to the courthouse, and submitted a letter from her mechanic supporting this claim and describing the necessary repair work, and a receipt for auto parts used in the repair. In our view, this was sufficient to demonstrate a reasonable excuse; while we note the father's argument that the mother's failure to appear was a pattern of conduct, our record lacks evidence supporting this assertion.

Although the father's counsel refers to the proceeding on the scheduled trial date as an "inquest," there was no sworn testimony elicited in support of the modification petition. The change in custody was based solely upon the assertions made within the father's petition. The parties' prior joint custody order arose from their stipulation; it does not appear that there has ever been a plenary hearing, and the record does not provide

"sufficient information to undertake a comprehensive independent review of the [children's] best interests" (*Matter of Schnock v Sexton*, 101 AD3d 1437, 1437-1438 [2012]).

"We must remain vigilant that the ultimate issue here is what is in [the children's] best interest[s], not whether [the mother] should be punished for her actions" (*Matter of Swain v Vogt*, 206 AD2d 703, 706 [1994] [citation omitted]; *accord Matter of Donahue v Buisch*, 265 AD2d 601, 603 [1999]). Here, the lack of a full hearing to determine the best interests of the children, a determination in which Family Court "is bound to assess numerous factors," constitutes a meritorious defense (*Matter of Donahue v Buisch*, 265 AD2d at 603). Accordingly, the default judgment entered against the mother must be vacated, and the matter remitted for further proceedings (*see Matter of Menditto v Collier*, 101 AD3d 1409, 1410 [2012]). The mother's remaining claims are rendered academic by this decision.

Peters, P.J., Lahtinen and McCarthy, JJ., concur. Ordered that the appeal from the October 24, 2011 order entered upon respondent's default is dismissed, without costs. Ordered that the order entered October 24, 2011 denying respondent's motion to vacate the default judgment is reversed, on the law, without costs, motion granted, default judgment vacated, and matter remitted to the Family Court of Montgomery County for further proceedings not inconsistent with this Court's decision.