■ In the Matter of HANNAH MM., Respondent, v ELIZABETH NN. et al., Respondents, and JOSEPH NN., Appellant. [55 NYS3d 814]—

Mulvey, J. Appeal from an order of the Family Court of Tompkins County (Cassidy, J.), entered April 15, 2015, which, in a proceeding pursuant to Family Ct Act article 6, among other things, denied respondent Joseph NN.'s motion to vacate a prior default order.

Respondent Joseph NN. (hereinafter the father) and respondent Elizabeth NN. (hereinafter the mother) are the parents of a son and a daughter (born in 2010 and 2011, respectively). In March 2014, petitioner (hereinafter the aunt) was granted temporary legal and physical custody of the children on allegations that the children were maltreated. In June 2014, the aunt filed an amended petition seeking permanent custody, including therein a specific allegation that the father, a level three sex offender, had been sexually abusing the children. The amended petition also included a general allegation of neglect by both parents. The father answered the amended petition by denying the allegations and interposing several defenses, including the aunt's failure to allege extraordinary circumstances necessary to support a grant of custody to a nonparent.

On the day scheduled for trial, the father failed to appear,

and his attorney reported to Family Court that the father had left a message that he was ill and unable to attend. The aunt and the mother stipulated that extraordinary circumstances existed, justifying an award of custody to the aunt, and the aunt moved for a default order. Family Court found that the father knowingly and voluntarily failed to appear, awarded sole legal and physical custody to the aunt, granted the mother supervised visitation, and granted an order of protection against the father directing him to stay away from the children until their respective eighteenth birthdays. Several weeks later, the father moved to vacate the default order. Family Court denied the motion, and the father now appeals.

As an initial matter, we reject the aunt's argument that this appeal has been rendered moot by a subsequent order entered in Monroe County Family Court. Following the denial of the father's motion to vacate his default, the aunt filed a petition in Monroe County Family Court to modify the prior custody order. The father filed a cross petition for custody and/or visitation. The petitions were resolved on consent by modifying the mother's visitation and dismissing the father's petition without prejudice. The Monroe County Family Court's order provided that, any provisions of the Tompkins County Family Court's order, not specifically addressed, were to remain in full force and effect. Our review of the transcript of the Monroe County Family Court proceeding confirms that the disposition was made with that court's and the parties' understanding that this appeal was pending and would necessarily affect the father's custody and visitation rights. Because the rights of the parties will be directly and immediately impacted by the determination of this appeal, the appeal is not moot (*see Matter of Veronica P. v Radcliff A.*, 24 NY3d 668, 671 [2015]).

Turning to the proceedings in Tompkins County, we note that "it is generally held to be error as a matter of law to render a custody award in a controverted proceeding without the benefit of a full hearing" (*Matter of Varner v Glass*, 130 AD3d 1215, 1216 [2015]; *see Matter of Middlemiss v Pratt*, 86 AD3d 658, 659 [2011]; *Matter of Williams v Williams*, 35 AD3d 1098, 1099-1100 [2006]). We note further that this Court favors dispositions on the merits in child custody matters (*see Matter of Brown v Eley*, 107 AD3d 1334, 1335 [2013]; *Matter of Waite v Whalen*, 215 AD2d 922, 923 [1995]). Compounding these concerns is the fact that, here, a nonparent is seeking custody, thus triggering the requirement that a court make a finding of extraordinary circumstances before making such an award (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 549 [1976]). Such a

finding "is rare, and the circumstances must be such that they drastically affect the welfare of the child[ren]" (*Matter of Ramos v Ramos*, 75 AD3d 1008, 1010 [2010] [internal quotation marks and citations omitted]). Thus, we are troubled that Family Court—without conducting a fact-finding hearing to determine the threshold question of extraordinary circumstances necessary to support an award of custody to a nonparent, and further without engaging in an analysis of the best interests of the children—granted full legal and physical custody to the aunt, and left the father without any access to his children (*see Matter of Brown v Eley*, 107 AD3d at 1335-1336; *Matter of Menditto v Collier*, 101 AD3d 1409, 1410 [2012]).

With these concerns in mind, we turn to the determination of the father's motion to vacate the default order. "[A] party who seeks to vacate a default [order] must demonstrate a reasonable excuse for his or her failure to appear and a meritorious defense" (*Matter of Sonara HH. [Robert HH.]*, 128 AD3d 1122, 1124 [2015], *lvs dismissed* 25 NY3d 1220, 1221 [2015]; *see* CPLR 5015 [a] [1]; *Matter of Brown v Eley*, 107 AD3d at 1335). We find that the father met this burden. The father furnished an affidavit in which he explained that he has suffered from four heart attacks since 2009, with the latest episode requiring hospitalization only five months before the trial date. At the time of the scheduled trial, he was under the care of a cardiologist and was taking four prescribed medications for the condition. On the day prior to the trial, he was experiencing severe chest pains and dizziness. In accordance with his physicians' advice, he took two doses of nitroglycerine and became disoriented so, that night, the father left a message with his attorney reporting that he would not be able to attend the trial. He averred in his affidavit that he was unable to attend the trial due to this heart condition. Corroborating these representations are copies of medical records from his earlier hospitalization, which confirmed that he suffered from congenital heart disease and underwent open heart surgery as an infant. The records included the diagnoses of cardiomyopathy, high blood pressure and angina, identification of his attending physicians, a listing of his prescribed medications and printouts of his electrocardiograms. We find that Family Court's rejection of proof that "plausibly supports" the father's contention that he was ill on the day of the trial was an abuse of discretion (*Matter of Waite v Whalen*, 215 AD2d at 923).

Turning to the father's proffer of a meritorious defense, we note that, "absent surrender, abandonment, persistent neglect, unfitness, disruption of custody over a prolonged period of time

or the existence of other extraordinary circumstances," a parent has a superior claim of custody of his or her children (*Matter of Thompson v Bray*, 148 AD3d 1364, 1365 [2017]), and, in a custody case, "[t]he nonparent bears the heavy burden of establishing extraordinary circumstances" (*id.*). Family Court accepted the unproven allegations of the petition and the stipulation by the aunt and the mother, none of which provided a factual basis for the custody determination. We also note that, in regard to the best interests of the child analysis, Family Court was not presented with evidence "to enable it to undertake a comprehensive independent review of the children's best interests" (*Miller-Glass v Glass*, 237 AD2d 723, 724 [1997]; *see Matter of Varner v Glass*, 130 AD3d at 1216). Mindful that the ultimate issue in this case is the best interests of the children (*see Matter of Donahue v Buisch*, 265 AD2d 601, 603 [1999]), and that visitation with a noncustodial parent is presumed to be in their best interests (*see Matter of Owens v Chamorro*, 114 AD3d 1037, 1039 [2014]), we find that the father's challenges to the amended petition constitute meritorious defenses. Accordingly, these findings lead us to conclude that Family Court improvidently exercised its discretion in denying the father's motion to vacate the default order.

We have considered the parties' remaining contentions and find them to be without merit.

Peters, P.J., Garry, Devine and Aarons, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied respondent Joseph NN.'s motion to vacate a prior default order; said motion granted and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, the provisions of said April 15, 2015 order, to the extent not inconsistent with the order of the Family Court of Monroe County, shall remain in effect on a temporary basis.