In the Matter of CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of BARBARA S. BOTTORFF, Respondent, v RICHARD D. DEJEAN JR., Appellant. [68 NYS3d 208]—

Egan Jr., J.P. Appeal from a corrected order of the Family Court of Cortland County (Ames, J.), entered January 24, 2017, which, in a proceeding pursuant to Family Ct Act article 4, denied respondent's motion to vacate certain default orders and judgments entered against him.

In June 2016, petitioner commenced this proceeding on behalf of the subject child's mother, alleging that respondent (the child's father) had failed to obey a prior Family Court order directing him to pay child support. Despite admittedly being aware of a scheduled court appearance on the petition on August 29, 2016, respondent failed to appear and, by order

entered September 13, 2016, a Support Magistrate found respondent to be in willful violation of the prior order of support, ordered that three money judgments dated September 7, 2016 be entered against him and referred the matter to Family Court for disposition. The parties were directed to appear before Family Court on November 23, 2016 and, although respondent admittedly received notice thereof, he again failed to appear. Upon respondent's default, and by order entered December 9, 2016, Family Court found respondent to be in willful violation of the prior order of support and sentenced respondent to 30 days in the local jail—setting a purge amount of $1,242. Respondent's subsequent motion to vacate the foregoing default orders and money judgments was denied, prompting this appeal.

We affirm. As the party seeking to vacate his default, respondent bore the burden of demonstrating both a reasonable excuse for his failure to appear and a meritorious defense to his failure to pay the court-ordered child support (*see Matter of Hannah MM. v Elizabeth NN.*, 151 AD3d 1193, 1195 [2017]; *Matter of Prince CC.*, 66 AD3d 1167, 1167-1168 [2009]). Whether those requirements were satisfied is a matter generally left to Family Court's sound discretion in the first instance, and the court's determination, if supported by the record, will not be disturbed (*see Cotter v Dukharan*, 110 AD3d 1331, 1332 [2013]; *Matter of Butchar v Butchar*, 213 AD2d 788, 789 [1995]).

Respondent averred that he was unable to attend the scheduled court appearances due to a lack of transportation and, on each occasion, telephoned the Cortland County Family Court Clerk's office—one day prior thereto—and left messages requesting a return phone call. According to respondent, his "plan" was to explain his "transportation issues and request to appear via telephone." Family Court rejected this explanation, noting that the clerk's office phone system does not accept voice messages, and found that respondent's claimed inability to arrange transportation was "not believable," citing respondent's personal appearance before the court on August 1, 2016. As to the issue of a meritorious defense, although respondent, who purportedly suffers from various medical ailments, claimed to lack sufficient funds to pay the previously ordered child support, his self-serving affidavit was unsupported by any financial or medical documentation. Under these circumstances, Family Court did not abuse its discretion in denying respondent's motion to vacate the default orders and judgments entered against him (*compare Matter of Hannah MM. v Elizabeth NN.*, 151 AD3d at 1195-1196; *Matter of Brown v Eley*, 107 AD3d 1334, 1335-1336 [2013]).

Rose, Devine, Mulvey and Rumsey, JJ., concur. Ordered that the corrected order is affirmed, without costs.