Matter of King v King (2018 NY Slip Op 08724)





Matter of King v King


2018 NY Slip Op 08724


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

525811

[*1]In the Matter of CLAYTON RICHARD KING, Petitioner,
v
CHRISTINE EILEEN KING, Appellant.

Calendar Date: November 16, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.


Ludemann, McMorris & Silvestri, PC, Glens Falls (Jeffrey E. McMorris of counsel), for appellant.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Family Court of Warren County (Kershko, J.), entered April 14, 2017, which, in a proceeding pursuant to Family Ct Act article 8, denied respondent's motion to vacate an order of protection issued on default.
Respondent (hereinafter the wife) and petitioner (hereinafter the husband) were married in 2008. In October 2015, the parties separated, the wife left the marital residence, and the husband and wife each filed family offense petitions. The wife later commenced a divorce action in Supreme Court and, in May 2016, the parties mutually withdrew the family offense petitions. In July 2016, the husband and the wife each filed new family offense petitions. Shortly thereafter, Family Court scheduled a hearing to occur in January 2017. Two days before the hearing, the wife's counsel requested an adjournment, asserting that the wife could not attend. The court denied the request and, when the wife failed to appear, found her to be in default and dismissed her petition. The court conducted a brief fact-finding hearing upon the husband's petition and found that the wife had committed several family offenses; immediately thereafter, the court conducted a dispositional hearing and issued a two-year order of protection against the wife. The wife moved to vacate the default, and Family Court denied the motion. The wife appeals.[FN1]
To vacate a default judgment, the movant is generally required to demonstrate both that there was a reasonable excuse for his or her failure to appear and that the movant had a meritorious defense against the allegations addressed at the hearing (see Matter of Hannah MM. v Elizabeth NN., 151 AD3d 1193, 1195 [2017]; Matter of Prince CC., 66 AD3d 1167, 1167-1168 [2009]). "No such showing is required, however, where a party's fundamental due process rights have been denied" (Matter of Sonara HH. [Robert HH.], 128 AD3d 1122, 1124 [2015], lvs dismissed 25 NY3d 1220, 1221 [2015]; see Matter of Hohenforst v DeMagistris, 44 AD3d 1114, 1116 [2007]; see also Matter of James R., 238 AD2d 962, 962 [1997]).
At the January 2017 hearing, the wife's counsel stated that the wife was unable to be present due to work commitments and that he did not have authority to act on her behalf. Family Court found the wife to be in default, directed her counsel to remain at the hearing without participating, dismissed her petition, and stated its intention to take judicial notice of the husband's July 2016 family offense petition upon the consent of the husband's counsel. After obtaining that consent, the court asked the husband whether he had signed and dated the petition, and whether everything he had sworn to therein was true. The husband answered affirmatively. There was no further questioning or testimony related to the allegations set forth within his July 2016 petition. The court instead, sua sponte, addressed a new subject, inquiring about allegations that had apparently been raised on some other occasion. When the court asked whether the alleged events had occurred, the husband responded, "Yes, ma'am," without specifically describing those factual allegations. Upon this basis, the court then granted a request by the husband's counsel to amend the petition to add certain offenses; notably, counsel made no request to amend the petition's substantive allegations. The court then found the wife had committed the family offenses of harassment in the second degree, assault in the third degree, and menacing in the third degree, and directed the entry of a two-year order of protection.
Nothing in the record indicates that the wife was given any notice that the matters raised by Family Court would be addressed at the hearing. The allegations described by the court were not set forth within the husband's July 2016 petition. Upon this appeal, counsel for the wife asserted that the wife did not know when or how these claims had been presented [FN2]. Further, although the court stated that its determination that the wife had committed several family offenses was based upon the husband's testimony, he in fact gave no substantive testimony about any of the allegations in the underlying petition, nor, upon our review, would those allegations have supported the court's findings.
"[N]otice is a fundamental component of due process" (Matter of Sonara HH. [Robert HH.], 128 AD3d at 1124). In the absence of notice to the wife, Family Court's sua sponte consideration of extraneous allegations violated the wife's due process rights (see id.; Matter of Hohenforst v DeMagistris, 44 AD3d at 1116; see also Matter of New York State Div. of Human Rights v Young Legends, LLC, 90 AD3d 1265, 1267-1269 [2011]). Accordingly, Family Court's order denying the wife's motion to vacate the default must be reversed.
McCarthy, Egan Jr., Devine and Clark, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion granted, default judgment vacated and matter remitted to the Family Court of Warren County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The husband has not participated in the appeal.

Footnote 2: The motion to vacate the default alleged that, following an investigation into claims by the husband similar to the allegations raised by Family Court, police had charged the husband with filing a false statement; in satisfaction of this charge, he had pleaded guilty to the offense of obstructing governmental administration.