Matter of Ronelli-Dutcher v Dutcher (2019 NY Slip Op 07465)





Matter of Ronelli-Dutcher v Dutcher


2019 NY Slip Op 07465


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

527387

[*1]In the Matter of Theresa Marie Ronelli-Dutcher, Respondent,
v
Shawn M. Dutcher, Appellant.

Calendar Date: September 10, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Orseck Law Offices PLLC, Liberty (Gerald Orseck of counsel), for appellant.
Theresa Marie Ronelli-Dutcher, Parksville, respondentpro se.



Pritzker, J.
Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered March 15, 2018, which, in a proceeding pursuant to Family Ct Act article 4, denied respondent's motion to vacate a default order.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of four children (born in 2005, 2008 and 2010). Pursuant to a judgment of divorce, the parties had joint custody of the children and the father was to pay child support to the mother starting June 2, 2017. Shortly thereafter, the mother filed a violation petition alleging that the father had not paid child support pursuant to the judgment of divorce. In September 2017, both parties appeared and the father, who was represented by an attorney, acknowledged receipt of the petition and entered a general denial to the allegations. While in court, a date for a fact-finding hearing was set. Neither the father nor his attorney appeared for the fact-finding hearing and a Support Magistrate found the father to be in willful violation of the child support provisions of the judgment of divorce and entered a money judgment against the father for the arrears that had accrued. The father thereafter moved to vacate the money judgment entered on his default, which motion the Support Magistrate denied. Subsequently, the father filed an objection, and Family Court affirmed the Support Magistrate's order denying the motion to vacate the default. The father appeals.
We affirm. As the party seeking to vacate an order of default, the father had "the burden of demonstrating both a reasonable excuse for his failure to appear and a meritorious defense" to his failure to pay the child support (Matter of Cortland County Dept. of Social Servs. v Dejean, 156 AD3d 1274, 1275 [2017]; see Matter of Prince CC., 66 AD3d 1167, 1167-1168 [2009]). "Whether those requirements were satisfied is a matter generally left to [the trial court's] sound discretion in the first instance, and the [trial] court's determination, if supported by the record, will not be disturbed" (Matter of Cortland County Dept. of Social Servs. v Dejean, 156 AD3d at 1275 [citation omitted]; see Cotter v Dukharan, 110 AD3d 1331, 1332 [2013]).
On appeal, the father asserts two excuses for his default. First, he asserts that he and his attorney believed the date set for the fact-finding hearing was a control date or "a cut-off date to remove the proceeding to Supreme Court." However, as noted by Family Court, the Support Magistrate made it "abundantly clear" that, until she received a copy of an executed order removing the matter to Supreme Court, the fact-finding hearing would be held on the date set. Given that there is no evidence in the record that the matter was removed to Supreme Court prior to that date, we find no merit to this first assertion. Second, the father, relying upon Military Law § 303, asserts that his military service prevented him from attending the hearing. The father's reliance is misplaced. Notably, the father was present in court when the fact-finding hearing was scheduled and did not indicate that he was unable to attend the hearing nor did he assert that he had any work or military commitments. Inasmuch as the purpose of this provision of law is "to prevent default judgments from being entered against military personnel without their knowledge" (Matter of Roslyn B. v Alfred G., 222 AD2d 581, 582 [1995]), and it is clear from the record that the father was aware of this proceeding and the date of the fact-finding hearing, this is not a situation for which Military Law § 303 applies. Given the lack of a reasonable excuse, we need not consider whether the father had a meritorious defense (see 135 Bowery LLC v 10717 LLC, 145 AD3d 1225, 1228 [2016]; Rutnik & Corr CPA's, P.C. v Guptill Farms, Inc., 127 AD3d 1531, 1532 [2015]).
Garry, P.J., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.