Matter of Melissa F. v Raymond E. (2021 NY Slip Op 02026)





Matter of Melissa F. v Raymond E.


2021 NY Slip Op 02026


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

529805

[*1]In the Matter of Melissa F. et al., Respondents,
v
Raymond E., Appellant.

Calendar Date: March 17, 2021

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Lisa K. Miller, McGraw, for appellant.
Natanya E. DeWeese, Ithaca, for respondents.
Donna C. Chin, New York City, attorney for the child.



Clark, J.
Appeals (1) from an order of the Family Court of Cortland County (Alexander, J.), entered May 16, 2018, which granted petitioners' application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject child, and (2) from an order of said court, entered July 3, 2019, which denied respondent's motion to vacate the prior order.
Respondent (hereinafter the father) is the father of a child (born in 2011). In August 2017, less than two weeks after the child's mother (the father's partner) died unexpectedly, the father permitted the child to stay with petitioners, the child's maternal grandparents (hereinafter the grandparents), and signed a handwritten note giving them "authority to make all decisions regarding any and all medical needs or educational needs from this day forward." Roughly two weeks later, the grandparents commenced this Family Ct Act article 6 proceeding seeking a "temporary order of custody" so that they could "get [the child] enrolled into school and . . . get her medical attention if needed and to have stability" (emphasis added). Family Court set the matter down for an initial appearance in September 2017, and the father unsuccessfully sought to reschedule that appearance date. The father thereafter failed to attend the September 2017 initial appearance. Based solely on the father's nonappearance and without conducting a hearing on the issues of extraordinary circumstances and best interests, Family Court issued a decision from the bench granting the grandparents "a permanent order of custody."[FN1] In May 2018, nearly eight months later, Family Court entered an order upon default granting the grandparents "custody and placement" of the child and directing that the father have visitation "as the parties can agree." The father subsequently moved to vacate the May 2018 order entered upon his default. By order entered July 3, 2019, Family Court denied the motion, finding that it was untimely [FN2] and that the father had failed to establish good cause for his default or a meritorious defense. The father appeals from the May 2018 default order [FN3] and the July 2019 order denying his motion to vacate.
The father, supported by the attorney for the child, argues that Family Court abused its discretion in denying his motion to vacate the May 2018 default order. The party seeking to vacate a default order bears the burden of establishing a reasonable excuse for his or her default and a meritorious defense (see CPLR 5015 [a] [1]; Matter of Hannah MM. v Elizabeth NN., 151 AD3d 1193, 1195 [2017]; Matter of Buel v Buel, 263 AD2d 561, 563 [1999]). Although "the determination of whether to relieve a party of a default is a matter left to the sound discretion of Family Court" (Matter of Taylor v Staples, 33 AD3d 1089, 1090 [2006], lv dismissed and denied 8 NY3d 830 [2007]), "this Court favors dispositions on the merits in child custody matters" (Matter of Hannah MM. v Elizabeth NN., 151 AD3d at 1194; see Matter of Brown v [*2]Eley, 107 AD3d 1334, 1335 [2013]).
In support of his motion to vacate the May 2018 default order, the father submitted an affidavit in which he stated that he, the child's mother and the child had resided together as a family since the child's birth. He asserted that, following the mother's sudden death, the child's maternal grandfather asked if the child could stay at the grandparents' home for "a couple of weeks" and that he acquiesced, thinking it "would be a nice break" for the child. The father attested that he thereafter received notice of this proceeding, roughly one month after the mother's death, and that he "was still saddened and depressed and unable to think clearly" at that time. He asserted that, at the time of the initial appearance, he had recently secured employment working a 12-hour overnight shift from 7:00 p.m. to 7:00 a.m. and that he had unsuccessfully sought to reschedule the appearance to any Friday — his day off. The father attested that, on the initial appearance date, he arrived home from work around 7:30 a.m. and inadvertently slept through the appearance. According to the father, he "immediately went to the [c]ourthouse" when he awoke and realized he had overslept. Although oversleeping may not ordinarily constitute a reasonable excuse, we find such excuse to be reasonable under the particular circumstances of this case (see Matter of Brown v Eley, 107 AD3d at 1335; compare Matter of Taylor v Staples, 33 AD3d at 1090).
We also find that the father established a meritorious defense to the grandparents' petition for temporary custody of the child. Although unrecognized by Family Court here, a parent's claim of custody to his or her child is superior to that of all other people, unless a nonparent establishes that there has been surrender, abandonment, persistent neglect, unfitness, an extended disruption of custody or other like extraordinary circumstances (see Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]; Matter of Shaver v Bolster, 155 AD3d 1368, 1369 [2017]). If the nonparent satisfies the heavy burden of establishing extraordinary circumstances, Family Court must then determine what custodial arrangement is in the child's best interests (see Matter of Suarez v Williams, 26 NY3d at 446; Matter of Tamika B. v Pamela C., 187 AD3d 1332, 1335 [2020]; Matter of Hawkins v O'Dell, 166 AD3d 1438, 1440 [2018]). Thus, before Family Court may award custody to a nonparent, it must have first made a finding of extraordinary circumstances and then determined that such award is in the child's best interests (see Matter of Hannah MM. v Elizabeth NN., 151 AD3d at 1194-1195).
Here, Family Court failed to conduct an evidentiary hearing and make the requisite extraordinary circumstances and best interests findings prior to awarding the grandparents permanent custody of the child.[FN4] Family Court's failures in this regard, together with the father's superior claim to custody of the child, constitute a meritorious defense [*3]to the grandparents' petition (see Matter of Brown v Eley, 107 AD3d at 1336; Matter of Donahue v Buisch, 265 AD2d 601, 603 [1999]). Contrary to the grandparents' assertion, the father's signing of the August 2017 handwritten note, which they attached to the petition, does not, in and of itself, establish an abdication of parental responsibilities. In that note, the father did not relinquish his authority to make medical and educational decisions regarding the child or any of the many other decisions that parents make relating to their children. Rather, he simply granted the grandparents the authority to also make decisions for the child in those two limited areas.
Inasmuch as the father established a reasonable excuse for his default and a meritorious defense, we find that Family Court abused its discretion in denying the father's motion to vacate the May 2018 default order (see Matter of Hannah MM. v Elizabeth NN., 151 AD3d at 1195-1196; Matter of Brown v Eley, 107 AD3d at 1336). We therefore reverse Family Court's July 2019 order denying the motion to vacate the default order, grant the father's motion and remit the matter to Family Court for an evidentiary hearing on the grandparent's September 2017 petition for "temporary custody." At such hearing, the grandparents bear the burden of establishing that extraordinary circumstances existed at the time they filed their petition in September 2017. If the grandparents establish that extraordinary circumstances existed in September 2017, Family Court should engage in the requisite best interests analysis (see Matter of Suarez v Williams, 26 NY3d at 446).[FN5] Pending such further proceedings, the provisions of the May 2018 order shall remain in effect on a temporary basis.
The father's remaining contentions have been rendered academic by our determination.
Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal from the order entered May 16, 2018 is dismissed, without costs.
ORDERED that the order entered July 3, 2019 is reversed, on the law, without costs, motion granted and matter remitted to the Family Court of Cortland County for further proceedings not inconsistent with this Court's decision, said proceedings to be commenced within 30 days of the date of this decision and, pending said proceedings, the terms of the May 2018 order shall remain in effect on a temporary basis.



Footnotes

Footnote 1: When issuing its decision from the bench, Family Court directed that visitation between the father and the child "be as the parties can mutually agree." Family Court improperly stated that such language would give the grandparents "a kind of veto power" over the dates and times of the father's visitation and whether it was supervised or unsupervised (see e.g. Matter of Aree RR. v John SS., 176 AD3d 1516, 1518 [2019]).

Footnote 2: Inasmuch as the father's motion was made within one year of the entry of the May 2018 default order, Family Court erroneously concluded that the father's motion was untimely (see CPLR 5015 [a] [1]).

Footnote 3: Because an order entered upon default is not appealable (see CPLR 5511), the father's appeal from the May 2018 order must be dismissed (see Matter of Nicole TT. v Rickie UU., 174 AD3d 1070, 1070 [2019]). However, issues relating to the May 2018 order will be addressed in the context of the father's appeal from the July 2019 order (see Matter of Brown v Eley, 107 AD3d 1334, 1335 [2013]).

Footnote 4: Family Court granted the grandparents permanent custody, despite the fact that they only petitioned for temporary custody. In so doing, Family Court essentially stripped the father of his parental rights to the child, thereby depriving him of due process (see Matter of Linger v Linger, 150 AD3d 1444, 1445 [2017]).

Footnote 5: We agree with the attorney for the child that, upon remittal, Family Court should conduct a Lincoln hearing.