Matter of Shannon NN. v Tarrin OO. (2021 NY Slip Op 02851)





Matter of Shannon NN. v Tarrin OO.


2021 NY Slip Op 02851


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

529861
[*1]In the Matter of Shannon NN., Respondent,
v
Tarrin OO., Appellant.

Calendar Date:March 11, 2021

Before:Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ.

Craig S. Leeds, Albany, for appellant.
Thomas R. Villecco, Albany, for respondent.



Egan Jr., J.
Appeal from an order of the Family Court of Albany County (Rivera, J.), entered July 25, 2019, which, in a proceeding pursuant to Family Ct Act article 8, denied respondent's motion to vacate an order of protection issued on default.
On January 18, 2019, petitioner filed a family offense petition against respondent, the father of her then-unborn child, alleging that he had, among other things, harassed her and assaulted her father. Family Court issued a temporary order of protection against respondent in favor of petitioner and the matter was scheduled for trial on April 24, 2019. On the day of trial, respondent failed to appear and Family Court found respondent to be in default. Following an inquest, Family Court determined that respondent had committed the family offenses of harassment and disorderly conduct and issued a five-year order of protection in favor of petitioner. Respondent thereafter moved to vacate the default and Family Court denied the motion, finding that he had failed to provide a reasonable excuse for his default.[FN1] Respondent appeals, and we affirm.
In order to vacate a default judgment, the moving party is "required to demonstrate both that there was a reasonable excuse for his or her failure to appear and that [he or she] had a meritorious defense against the allegations addressed at the hearing" (Matter of King v King, 167 AD3d 1272, 1272 [2018]; see CPLR 5015 [a] [1]; Matter of Hannah MM. v Elizabeth NN., 151 AD3d 1193, 1195 [2017]). "No such showing is required, however, where a party's fundamental due process rights have been denied" (Matter of King v King, 167 AD3d at 1273 [internal quotation marks and citation omitted]). The decision of whether to vacate a default judgment lies within the sound discretion of the trial court, and said decision will not be disturbed absent an abuse of discretion (see Matter of Cortland County Dept. of Social Servs. v Dejean, 156 AD3d 1274, 1275 [2017]).
In support of the motion, respondent's counsel submitted an affirmation indicating that respondent was not present on the day of trial because he had recently started a new job at a warehouse distribution center and was subject to a 30-day probation period during which he was unable to miss work. Respondent, however, made no request for an adjournment of the trial date on this basis, or for any other reason, and offered no documentary proof to support his assertion that he obtained new employment precluding his appearance at trial. The record makes clear that respondent was well aware of the trial date. At a March 19, 2019 appearance, at which both respondent and his attorney participated, Family Court scheduled the matter for trial on April 24, 2019 and, in response, respondent stated to Family Court, "I'm not going to be there, dude." On the date of trial, respondent's attorney informed the court that she sent respondent several letters since the prior court appearance and that, the day before, respondent called her office [*2]and was reminded that the trial was scheduled for the next day. Accordingly, based on the foregoing, we find no abuse of discretion in Family Court's determination that respondent failed to proffer a reasonable excuse for his default (see Matter of Ronelli-Dutcher v Dutcher, 176 AD3d 1358, 1359 [2019]; Matter of Amirah Nicole A. [Tamika R.], 73 AD3d 428, 429 [2010], lv dismissed 15 NY3d 766 [2010]; Matter of Womack v Rosario, 50 AD3d 1212, 1213 [2008]). As a result, Family Court was not required to consider whether he had a meritorious defense (see 135 Bowery LLC v 10717 LLC, 145 AD3d 1225, 1228 [2016]).
Respondent's contention that he was denied due process because his counsel sought to withdraw from representation without providing him prior notice of her intent to do so is belied by the record. At the March 2019 court appearance, respondent's counsel sought to be relieved based upon certain representations that respondent had made indicating that he wanted to hire private counsel. Despite respondent's apparent consent to this relief, Family Court denied the application. Although respondent's counsel again sought to be relieved on the day of trial in light of respondent's default, Family Court did not grant this request. Respondent was not thereafter prejudiced as a result of his counsel's decision not to participate in the inquest because, as she explained to Family Court, her decision was designed to preserve respondent's grounds for a motion to vacate the default (see Matter of Geraldine Rose W., 196 AD2d 313, 318-319 [1994], lv dismissed 84 NY2d 967 [1994]; compare Matter of Hohenforst v DeMagistris, 44 AD3d 1114, 1116 [2007]), a motion which she later filed on respondent's behalf.
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: In its order denying the motion, Family Court noted that the previously issued order of protection should have had a term of two years and modified it accordingly.