Matter of Alexis D. v Tyquazia E. (2021 NY Slip Op 04170)





Matter of Alexis D. v Tyquazia E.


2021 NY Slip Op 04170


Decided on July 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 1, 2021

530748
[*1]In the Matter of Alexis D., Petitioner,
v
Tyquazia E., Appellant. (And Seven Other Related Proceedings.)

Calendar Date:May 26, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Paul J. Connolly, Delmar, for appellant.
Sharon Lee McNulty, Albany, attorney for the children.



Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Albany County (Rivera, J.), entered October 30, 2019, which, in eight proceedings pursuant to Family Ct Act articles 6 and 8, denied respondent's motion to vacate prior default orders.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2009 and 2014). In November 2018, Family Court (M. Walsh, J.) accepted a stipulation of the parties and granted them joint legal custody of the children, with primary physical custody to the mother and specific parenting time to the father based upon the parties' stipulation. From January 2019 through May 2019, the father filed several violation petitions and two custody modification petitions. Court appearances were held on February 5, 2019, February 14, 2019, April 8, 2019 and June 11, 2019. The mother appeared at the first three conferences and entered general opposition to the petitions, but failed to appear on June 11, 2019. The mother's assigned counsel reported that she was unaware of the mother's whereabouts and, when she attempted to contact the mother, her call went straight to voicemail. Family Court (Rivera, J.) found the mother to be in default and, without conducting a fact-finding hearing, awarded the father sole legal and primary physical custody of the children with parenting time to the mother. The court also issued a five-year order of protection in favor of the father. The mother moved to vacate the two June 2019 default orders. Family Court denied the motion, finding that the mother had not proffered a reasonable excuse for her default. The mother appeals.
A "party seeking to vacate a default order bears the burden of establishing a reasonable excuse for his or her default and a meritorious defense" (Matter of Melissa F. v Raymond E., 193 AD3d 1123, 1125 [2021]; see Matter of Cortland County Dept. of Social Servs. v Dejean, 156 AD3d 1274, 1275 [2017]). However, "default orders are disfavored in cases involving the custody or support of children, and . . . the rules with respect to vacating default [orders] are not to be applied as rigorously in those cases" (Matter of Delgado v Vega, 171 AD3d 1457, 1458 [2019] [internal quotation marks and citations omitted]; see Matter of Hannah MM. v Elizabeth NN., 151 AD3d 1193, 1194 [2017]; Matter of Lemon v Faison, 150 AD3d 1003, 1005 [2017]).
In support of the motion to vacate the default orders, the mother's counsel submitted an affirmation asserting that the mother was mistaken as to the time of the court appearance and appeared at the courthouse late.[FN1] Initially, it is unknown if the mother received copies of the modification and violation petitions that were filed in April 2019 and May 2019. Additionally, the record lacks evidence that a fact-finding hearing, as opposed to another conference, had been scheduled and, indeed, strongly indicates that the June 11, 2019 appearance was scheduled as the latter. Moreover, the mother's [*2]failure to appear was not part of a pattern of conduct, as she had appeared in court for the prior three appearances. Under these circumstances, we find that the mother established a reasonable excuse for her default.
We also find that the mother established a meritorious defense to the father's petitions because, prior to awarding the father custody, Family Court failed to take sworn testimony in support of his petitions at an evidentiary hearing, and the court did not make the threshold change in circumstances determination or conduct a best interests of the children analysis (see Matter of Melissa F. v Raymond E., 193 AD3d at 1126). "We must remain vigilant that the ultimate issue here is what is in the children's best interests, not whether the mother should be punished for her actions" (Matter of Brown v Eley, 107 AD3d 1334, 1336 [2013] [internal quotation marks, brackets and citations omitted]). Therefore, the mother's motion to vacate the June 2019 custody and visitation order and the June 2019 order of protection is granted and the matter is remitted to Family Court for an evidentiary hearing on the father's modification and violation petitions (see Matter of Melissa F. v Raymond E., 193 AD3d at 1127). The mother's remaining contentions have been rendered academic by our determination.
Egan Jr., J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion granted and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, the terms of the June 2019 orders shall remain in effect on a temporary basis.



Footnotes

Footnote 1: The father and the attorney for the children opposed the motion to vacate and the attorney for the children does not support the mother's appeal.