Matter of Savanna II. v Joshua JJ. (2024 NY Slip Op 01853)

Matter of Savanna II. v Joshua JJ.

2024 NY Slip Op 01853

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

CV-23-0419
[*1]In the Matter of Savanna II., Respondent,
v
Joshua JJ., Appellant.

Calendar Date:February 20, 2024

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Mackey, JJ.

Karen A. Leahy, Cortland, for appellant.
Perfetti Law Offices, PC, Cortland (Jeri A. DuVall of counsel), for respondent.

Mackey, J.
Appeal from an order of the Family Court of Cortland County (Julie A. Campbell, J.), entered February 24, 2023, which, in a proceeding pursuant to Family Ct Act article 6, denied respondent's motion to vacate a default order.
On October 6, 2022, petitioner (hereinafter the mother) filed a petition to modify a prior order of custody/visitation by suspending respondent's (hereinafter the father) overnight parenting time with the parties' child (born in 2016). The existing custody order from June 2019 granted joint custody, with the mother having primary physical custody. The mother alleged in the modification petition that the father, during his overnight parenting time, was refusing to provide the child with medications prescribed by the child's doctor. On November 15, 2022, an initial appearance was held, at which the self-represented parties appeared virtually. At that conference, Family Court scheduled an in-person settlement conference for December 13, 2022, before a court attorney. Both parties personally appeared at the settlement conference and, although the case did not settle, a follow-up in-person settlement conference was scheduled for January 17, 2023, at 11:30 a.m. The father, however, failed to appear on January 17 at the appointed time and the mother, who at that point had retained counsel, made an oral motion for a default. Family Court granted the motion and, without conducting an evidentiary hearing, modified the father's visitation by eliminating his overnight visits. The father promptly moved to vacate the default order, which Family Court denied, finding that he had not proffered a reasonable excuse for his default or a meritorious defense. The father appeals.
"In order to vacate a default judgment, the moving party is required to demonstrate both that there was a reasonable excuse for his or her failure to appear and that he or she had a meritorious defense against the allegations addressed at the hearing" (Matter of Shannon NN. v Tarrin OO., 194 AD3d 1138, 1138 [3d Dept 2021] [internal quotations marks, brackets and citations omitted]). "Although it is true that a motion to vacate a default is addressed to the sound discretion of the trial court, it is also true that disposition on the merits is favored" (Matter of Brown v Eley, 107 AD3d 1334, 1335 [3d Dept 2013] [internal quotation marks and citations omitted]; see Matter of Shannon NN. v Tarrin OO., 194 AD3d at 1138). "In custody proceedings pursuant to Family Court Act article 6, [courts have generally] adopted a liberal policy in favor of vacating defaults" (Matter of Lemon v Faison, 150 AD3d 1003, 1005 [2d Dept 2017] [citations omitted]). "[T]he lack of a full hearing to determine the best interests of the children, a determination in which Family Court is bound to assess numerous factors, constitutes a meritorious defense" (Matter of Brown v Eley, 107 AD3d at 1336 [internal quotation marks and citation omitted]).
In support of his motion to vacate the January 2023 default [*2]order, the father submitted an affidavit in which he stated that his car would not start on the morning of the January 17, 2023 appearance. He alleged that by the time he got his car started, the conference was over, but that he called the courthouse and informed a court clerk of his car trouble. The father attested that as soon as he got his car started, he went straight to the courthouse but the clerk's office was closed for lunch from noon to 1:00 p.m. He asserted that he remained at the courthouse until it reopened and obtained an affidavit of service form from the clerk, then immediately proceeded to the mother's attorney's office, where he served his answer to the modification petition. He then returned to the clerk's office and filed a copy of his answer, with an affidavit of service. Under these circumstances, we find that the father established a reasonable excuse for his default. Notably, he had appeared at the two previous conferences and had demonstrated every intention of attending on January 17, but for unforeseen car trouble. Moreover, no prejudice accrued to the mother, as she was on notice that he intended to oppose the modification petition (see Matter of Pecoraro v Ferraro, 168 AD3d 748, 749 [2d Dept 2019]; Matter of Makaveyev v Paliy, 160 AD3d 862, 864 [2d Dept 2018]).
We also find that the father established a meritorious defense to the mother's petition because, prior to suspending the father's overnight visitation, Family Court failed to take sworn testimony in support of the mother's petition at an evidentiary hearing, and the court did not make the threshold change in circumstances determination or conduct a best interests of the child analysis (see Matter of Melissa F. v Raymond E., 193 AD3d 1123, 1126 [3d Dept 2021]; Matter of Brown v Eley, 107 AD3d at 1336; Matter of Menditto v Collier, 101 AD3d 1409, 1410 [3d Dept 2012]). Therefore, the father's motion to vacate the January 2023 default order is granted and the matter is remitted to Family Court for an evidentiary hearing on the mother's modification petition (see Matter of Melissa F. v Raymond E., 193 AD3d at 1127).
Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion granted and matter remitted to the Family Court of Cortland County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, the terms of the June 2019 order shall remain in effect on a temporary basis.