In the Matter of CRISTINA MENDITTO, Respondent, v ANDREW COLLIER, Appellant. [956 NYS2d 327]—

Malone Jr., J.

At the first appearance on the violation petition, Family Court adjourned to permit the father to secure counsel. When neither

the father, nor counsel on his behalf, appeared at the appointed time on the next appearance date, the court granted the mother's oral application for a default judgment. Later that same day, the father appeared at Family Court and wrote a letter to the court—which was treated as a motion to vacate the default—alleging that he had failed to appear earlier due to car trouble.

Before the motion to vacate came on to be heard, Family Court issued a written order on the default judgment that modified custody by limiting the father to supervised visitation from 4:00 p.m. to 7:00 p.m. on Mondays and Tuesdays, with no provision for holidays. Thereafter, at the hearing on the motion to vacate the default, the father appeared with counsel, who requested that the motion be amended to include materials that would allegedly demonstrate his participation in the required programs and, thus, establish a meritorious defense. Family Court denied that request, and also denied the motion to vacate the default judgment. The father now appeals.

Initially, we are not persuaded by the mother's argument that the appeal has been rendered moot by Family Court's dismissal of a subsequent petition brought by the father to modify the custody order entered on default. The court's decision to dismiss the modification petition rested in part upon matters that arose after the default judgment was entered and after the motion to vacate the default was denied. Thus, the issues raised in this appeal are not moot (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]).

On the merits, we agree with the father that Family Court abused its discretion when it denied his motion to vacate the default judgment (*see* CPLR 5015 [a] [1]; *Matter of Womack v Rosario*, 50 AD3d 1212, 1213 [2008]). The record demonstrates that he was present at the courthouse and moved to vacate the default just hours after his scheduled appearance, he offered a reasonable excuse for his failure to appear on time, the documents he sought to introduce made a prima facie showing that he was engaged in the mandated services, and no prejudice accrued to the mother, as she was on notice that he intended to oppose the violation petition (*see Matter of Buel v Buel*, 263 AD2d 561, 563 [1999]; *Matter of Waite v Whalen*, 215 AD2d 922, 923-924 [1995]). Moreover, and of paramount importance in this custody case, Family Court failed to make any findings relative to the best interests of the child, which it was required to do prior to changing an established custody arrangement (*see Matter of Donahue v Buisch*, 265 AD2d 601, 603 [1999]). Accordingly, we must vacate the default judgment entered in favor of petitioner.

Mercure, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, default judgment vacated, and matter remitted to the Family Court of Warren County for further proceedings not inconsistent with this Court's decision.