Matter of Dallas X. v Belinda Y. (2026 NY Slip Op 50347(U))

[*1]

Matter of Dallas X. v Belinda Y.

2026 NY Slip Op 50347(U) [88 Misc 3d 1235(A)]

Decided on February 18, 2026

Family Court, Tompkins County

Miller, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 18, 2026
Family Court, Tompkins County

In the Matter of a
Custody Proceeding Under 
 Article 6 of the Family Court Act Dallas X., Petitioner,

againstBelinda Y., Respondent.

Docket No. XXXX

Petitioner father was represented by Attorney Robert Baska, Esq.Respondent mother was represented by Attorney Todd Livingston, Esq.Citizens
Concerned for Children, Inc. (Attorney Elizabeth McGrath, Esq.) represented the child

Scott A. Miller, J.

PROCEDURAL HISTORYOn July 22,
2025, Dallas X. (hereinafter "the father") filed a modification petition seeking increased contact
with the parties' child (date of birth: XX/XX/19) (hereinafter "the child"). On October 20, 2025,
Belinda Y. (hereinafter "the mother") filed an answer and counter-petition for modification
seeking suspension of the father's contact and communication with the child. The prior Article 6
order, entered March 4, 2021, granted the mother sole legal custody and placement of the child
with the father to have one hour of supervised visitation with the child per week, plus additional
supervised parenting time as mutually agreed. The order provides that the father may re-petition
for modification upon "proof of compliance with [*2]probation
and any recommended services for a consistent period of six months without otherwise alleging a
change in circumstances."
The fact-finding hearing was scheduled for February 2, 2026. The father appeared with
counsel, Attorney Robert Baska, Esq. Counsel for the mother, Attorney Todd Livingston, Esq.,
appeared. The Attorney for the Child, Elizabeth McGrath, Esq., Citizens Concerned for Children,
Inc., appeared. The mother did not appear. The Court dismissed the mother's petition without
prejudice for failure to prosecute and held an inquest on the father's petition. Attorney
Livingston remained for the hearing but did not participate. The father called his wife as his only
witness. She testified on direct examination and was cross-examined by Attorney McGrath. The
father then rested his case. Attorney McGrath then called the father as her only witness. He was
questioned by both Attorney McGrath and Attorney Baska.
At the hearing, the Court took judicial notice of a final order of protection issued in the
Integrated Domestic Violence Part of the Supreme Court by Judge John C. Rowley against the
father in favor of the mother and child on November 12, 2021 — just eight months after
entry of the prior Article 6 order set forth above. The order of protection prohibits the father from
engaging in all contact and communication with the mother and child except for any contact,
communication, and access permitted by subsequent order issued by a family or supreme court in
a custody, visitation, or child abuse or neglect proceeding. The order of protection was issued
upon the father's conviction for Attempted Burglary in the Second Degree. The order is in effect
until November 11, 2031. At the hearing, the Court also took judicial notice of the fact that the
father was in prison prior to the filing of the within petitions. At the conclusion of the
fact-finding, a Lincoln hearing was scheduled.
On February 6, 2026, Attorney Livingston filed a motion to vacate the default. Per the AFC's
request, the Court adjourned the Lincoln hearing pending determination of this motion.
On February 8, 2026, Attorney Baska filed an affirmation in opposition to the mother's motion to
vacate. On February 10, 2026, AFC McGrath filed an affirmation in support of the mother's
motion to vacate. On February 17, 2026, Attorney Baska filed a second affirmation in opposition.
The Court has reviewed all filings.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
"In order to vacate a default judgment, the moving party is 'required to demonstrate both that
there was a reasonable excuse for his or her failure to appear and that [he or she] had a
meritorious defense against the allegations addressed at the hearing' [internal citations omitted]."
Matter of Shannon NN. V. Tarrin
OO.. 194 AD3d 1138 (3rd Dept. 2021). "Further, whether to vacate a default judgment
is a determination that lies within the sound discretion of the trial court, 'subject to reversal only
where there has been a clear abuse of that discretion' [internal citations omitted]." 135 Bowery, LLC v. 10717, LLC, 145
AD3d 1225, 1227 (3rd Dept. 2016). In custody proceedings pursuant to Article 6 of the
Family Court Act, courts have adopted a liberal policy in favor of vacating defaults. See Matter of Lemon v. Faison, 150 AD3d
1003, 1005 (2nd Dept. 2017). The Third Department has held that, "'[a]lthough it is true that
a motion to vacate a default judgment is addressed to the sound discretion of the trial court, it is
also true that disposition on the merits is favored' [internal citations omitted]." Matter of Brown v. Eley, 107 AD3d
1334, 1335 (3rd Dept. 2013). Further, "the lack of a full hearing to determine the best
interests of the [child], a determination in which Family Court 'is bound to assess numerous
factors,' constitutes a meritorious defense [internal citations omitted]." Id. at 1336.
In Menditto v. Collier, the Third Department held that the family court abused its
[*3]discretion when it denied a father's motion to vacate a default
judgment in a custody case. Menditto v.
Collier, 101 AD3d 1409, 1410 (3rd Dept. 2012). In that case, the father appeared at the
court hours after his scheduled appearance and wrote a letter to the court citing car trouble as the
reason for his failure to appear. The Third Department found this to be a "reasonable excuse."
Id. The Court noted that "no prejudice accrued to the mother, as she was on notice that he
intended to oppose the violation petition." Id. The Third Department held that,
"[m]oreover, and of paramount importance in this custody case, Family Court failed to make any
findings relative to the best interests of the child, which it was required to do prior to changing an
established custody arrangement [internal citations omitted]." Id.
Here, as in Menditto, the Court finds that the mother has established both a
reasonable excuse for her failure to appear and a meritorious defense or claim, and that
the Court must hear from both parties before making any findings relative to the best interests of
the child as it is required to do. The mother cites that there was a misunderstanding with the
person who was to provide her transportation to the courthouse on the date of the scheduled
hearing. The Court is sensitive to the transportation issues facing its litigants, many of whom
cannot afford to own or lease their own vehicle. The Court further notes that the mother has
routinely appeared in court before this judge, both on the within petitions and in prior litigation
between these same parties, dating back to June of 2020. The mother's motion to vacate the
default judgment was timely as it was filed just several days after the missed hearing. The Court
finds the mother's excuse to be both credible and reasonable.
Here, as in Menditto, the father is not prejudiced as he was on notice that the mother
opposed his petition. Further, this Court's dismissal of the mother's petition was without
prejudice, meaning that the mother — without leave of the Court — could file a
petition today that is identical to the answer and counter-petition she filed on October 20, 2025.
The Court has not yet issued a decision on the father's petition or held a Lincoln hearing
with the child. The father is not prejudiced by the vacatur of the default judgment against the
mother and the reopening of proof. Furthermore, the best interests of the child require it.
The mother, the sole custodian of the child, has set forth a meritorious defense or claim in
both her counter-petition and motion papers. In short, she asserts that the only contact the father
has had with the child in recent years while the father was in prison was a few video calls
[FN1]
. The mother alleges that the video calls went poorly and she was forced to cut them short
because the father, rather than engage with the child, addressed the mother with inappropriate
talk of gang affiliations and violence. The mother asserts that the father has stated he is a member
of the Crips gang. The mother alleges that the father has engaged in a pattern of third-party
harassment against the mother in violation of the final order of protection issued by Judge
Rowley. The mother alleges that another child that the father has with a different woman is in
DSS custody, and that DSS will only allow supervised visitation for the father and that child. The
Court finds that the mother has asserted a meritorious defense or claim that the father's parenting
time with the child should be suspended.
Even putting aside these concerning allegations, the lack of a full hearing to determine the
best interests of the child alone would be enough to establish this prong of the legal standard. [*4]Matter
of Brown v. Eley, 107 AD3d 1334, 1335 (3rd Dept. 2013). The Court currently lacks
information sufficient to determine whether a modified Article 6 order would be in the child's
best interests and, if so, what that modified order should entail. As AFC McGrath aptly noted in
her papers, "[n]o evidence was introduced about where the child lives, his developmental needs,
educational placement, health concerns, or regular schedule." Affirmation of Attorney for Child,
¶ 10. The Court simply must hear from the sole custodial parent — the mother
— before determining what kind of order will be in the child's best interests. As such it is
hereby
ORDERED, that the mother's motion to vacate the default judgment against her is
GRANTED, and her answer and counter-petition (Docket No.: V-688-20/25D) are
hereby RESTORED; and it is further
ORDERED, that the proof is reopened on both parties' petitions; and it is
further
ORDERED, that chambers will reach out to counsel to schedule a date for the
continuation of the fact-finding hearing.
Enter: February 18, 2026Ithaca, New YorkHon. Scott A. MillerFamily
Court Judge

Footnotes

Footnote 1:The father himself testified at the
hearing that he has not had contact with the child since he was a baby.